STRAFFORD.

## Delano's Case.

An attorney may be removed from office for wrongfully appropriating to his own use money of a town received by him as collector of taxes.

Doe, C. J. This is a proceeding instituted by the court on the question whether Delano should be allowed to retain the office of attorney. The facts have been found by a commissioner appointed by an order of the circuit court, in the usual form, at the February term, 1875.

Delano was admitted to practice as an attorney, in 1870, on evidence of age and good moral character, under Gen. St., c. 199, s. 2. In 1871, 1872, and 1873, he was collector of taxes of the town of Farmington. Being engaged in the business of buying, fitting, and running a mill for the manufacture of bobbin lumber, and not having sufficient funds of his own for that business, he used the money of the town, received by him as collector of taxes, to the amount of $8,000 or $9,000, a large part of which the town has lost by this violation of his official duty. As is usual in such cases, he expected, when he appropriated the money to his own use, to be able to restore it without the misappropriation being discovered. He intended to restore it, and was guilty of much less than the usual amount of falsehood and fraudulent artifice. He and his wife and family did what they could to make good the loss to the town, but with only partial success.

We have no doubt that, in the absence of all statutory regulation of the matter, the court would be authorized to suspend this attorney from practice, or remove him from office. Cooley Const. Lim. 337; Sanborn v. Kimball, 64 Me. 140. In Ex parte Brounsall, Cowp. 829, an attorney was struck off the roll for stealing a guinea, Lord Mansfield saying,—"The question is, whether, after the conduct of this man, it is proper that he should continue a member of a profession which should be free from all suspicion. * * * He is an unfit person to practise as an attorney. It is not by way of punishment; but the court on such cases exercise their discretion, whether a man, whom they have formerly admitted, is a proper person to be continued on the roll or not."

The temptation to which Delano yielded is one to which he would be constantly exposed in the practice of his profession. The money he misapplied was not the money of a client; but his situation as collector of taxes was, in substance, the situation of an attorney receiving money for a client. And when it appears that he could not be safely trusted in the former case, it thereby appears that he cannot be safely trusted in the latter. If his defalcation had occurred before he was admitted to the office of attorney, that fault should have pre-

vented his admission; and, being enough to prevent his admission, it is enough to require his removal. This would clearly be so if the subject of removal were regulated solely by the common law of this state.

" The court shall inquire in a summary manner into any charge of fraud, malpractice, or contempt of court, against an attorney, and, upon satisfactory evidence of his guilt, shall suspend him from practice, or may remove him from office." Gen. St., *c.* 199, *s.* 7. If this statute affords a remedy only for misfeasance in the office of attorney, it does not apply to this case. We think the true construction is given in *Mill's Case*, 1 Mich. 392, where it is held that such a statute does not limit the common-law power of the court, and that an attorney may be suspended or removed for other causes than those mentioned in the statute. An attorney is a public officer. Admission to and expulsion from his office are regulated by law. He takes an official oath. The public is entitled to ample protection against the danger of any abuse of the great powers of the office which the public by its agents has conferred upon him. When Delano was admitted, age and good moral character were the only necessary qualifications. Legal knowledge and skill were not required. But it is indispensable that an attorney be trustworthy. And he is not trustworthy if he is capable of improperly applying to his own use his client's money, whether he intends to return it or not. It would be an unreasonable construction of the statute, to hold that his license cannot be revoked when it invites the community to trust him in a particular wherein he cannot safely be trusted. The legislature could not have intended to abolish the ancient requirement of his continued integrity, and require another branch of the government to continue to hold him out to the world as worthy of confidence when the holding out becomes false and fraudulent.

Mr. Delano is removed from the office of attorney.