Rockingham, }
June 1, 1909. }

## HOBBS' CASE.

The fact that an attorney who holds the office of justice of the peace has conducted its duties with a willful disregard of the ordinary modes of criminal procedure, and has been guilty of gross carelessness in his methods of keeping account of fines paid to him, furnishes sufficient cause for his disbarment.

COMPLAINT, filed by the county solicitor upon the order of the superior court (*Chamberlin*, J.), on the question whether Llewellyn F. Hobbs should be allowed to retain the office of attorney. The facts were found by Justices *Walker* and *Bingham*.

Hobbs was admitted to practice in 1904, on evidence of age, good moral character, and admission and practice in another state, under the provisions of section 3, chapter 213, Public Statutes. He has also held the office of justice of the peace. The following charges made against him were found to be true: " That during the summer and fall of the year 1907, said Hobbs, as such justice, held court at said Hampton for the arraignment and trial of various persons charged with violations of section 10, of chapter 86, Laws of 1905, but said Hobbs failed to keep such record thereof as is required by law. That said Hobbs has tried, found guilty, and imposed sentence upon respondents in such cases, upon complaints which have not been signed or sworn to by any complainant. That said Hobbs has tried, found guilty, and imposed sentence upon said respondents without any warrant having been issued. That said Hobbs has used such purported complaints, after the same had been once used, and one respondent convicted thereupon,

in one or more later cases for different and separate offences, by merely inserting the name of the subsequent respondent therein, and has then used said alleged complaint as the basis for one or more subsequent arraignments, trials, and convictions. That said Hobbs has arraigned, tried, and convicted such respondents without having any complaint or warrant as the basis for such proceedings."

The charge " that said Hobbs has, as such justice, received in such proceedings certain sums of money as fines and as cash bail, which sums of money said Hobbs has not paid over to the town or county, but has converted the same to his own use," was found " true, with qualification that said Hobbs has not intentionally and deliberately converted the money to his own use." There was an additional finding that "his method of conducting the prosecution was due to extreme carelessness on his part, indicating a willful disregard of the ordinary modes of procedure in such cases, and his method of keeping account of the fines paid to him was so unjustifiable as to amount to gross carelessness."

*Charles H. Batchelder*, solicitor, furnished no brief on behalf of the state.

*Samuel W. Emery* (of Massachusetts), by brief and orally, for Hobbs.

PEASLEE, J. The rule laid down in some of the earlier cases in this state was that there must have been intentional wrongdoing to make cause for the disbarment of an attorney. *Bryant's Case*, 24 N. H. 149; *Barker's Case*, 49 N. H. 195. The true rule, however, is stated in a later case. " The temptation to which Delano yielded is.one to which he would be constantly exposed in the practice of his profession. The money he misapplied was not the money of a client; but his situation as collector of taxes was, in substance, the situation of an attorney receiving money for a client. And when it appears that he could not be safely trusted in the former case, it thereby appears that he cannot be safely trusted in the latter. If his defalcation had occurred before he was admitted to the office of attorney, that fault should have prevented his admission; and being enough to prevent his admission, it is enough to require his removal. . . . An attorney is a public officer. Admission to and expulsion from his office are regulated by law. He takes an official oath. The public is entitled to ample protection against the danger of any abuse of the great powers of the office which the public by its agents has conferred upon him. . . . It is indispensable that an attorney be trust-

worthy; and he is not trustworthy if he is capable of improperly applying to his own use his client's money, whether he intends to return it or not. It would be an unreasonable construction of the statute, to hold that his license cannot be revoked when it invites the community to trust him in a particular wherein he cannot safely be trusted. The legislature could not have intended to abolish the ancient requirement of his continued integrity, and require another branch of the government to continue to hold him out to the world as worthy of confidence, when the holding out becomes false and fraudulent." *Delano's Case*, 58 N. H. 5.

Judged by the standard here set up, the course pursued by Hobbs is such as to plainly call for his disbarment. A justice of the peace, who conducts the judicial duties of his office in such a way as to indicate a willful disregard of the ordinary modes of procedure in criminal cases, has not the moral character required of applicants for admission to the bar. One who is guilty of gross carelessness in handling trust funds is not a trustworthy person. That the offences were not all willful does not much help the matter. The question is one of protecting the public. The danger may be greater from one incapable of caring for funds or affairs entrusted to him, than from one who, though capable, has on a single occasion failed to live up to the standards set for members of the legal profession. The petty thief is imprisoned for a few months. The kleptomaniac is kept in confinement all his days. There is no idea of punishment in the restraint of the kleptomaniac; neither is there in the case of the removal of an attorney from his office. Each is a step necessary for the protection of society.

Considering the case solely upon the facts as to Hobbs' past career, he should be removed from the office of attorney. But another issue has been presented. A guilty attorney may be reinstated, if he has reformed. *In re Enright*, 69 Vt. 317.

In the present case it is the opinion of the justices who heard the evidence and found the facts, that the experience of this proceeding, followed by a suspension from practice, has and will work such reforms in the character and mental processes of the defendant that he will then be of good moral character, trustworthy, and capable of performing properly the duties of an attorney. They saw Hobbs at the hearing and have had opportunities to judge of this issue that the other members of the court have not had. In view of all these considerations, the petition for the removal of Hobbs from the office of attorney is denied. The order is that he be reprimanded for willful disregard of proper criminal procedure and for grossly neglecting to turn over or account for fines imposed

upon offenders; and that he be suspended from practice for six months.

WALKER and BINGHAM, JJ., did not sit: the others concurred.