Rockingham, ⟩
June 26, 1909. ⟨

## ALLEN'S CASE.

*An attorney who uses for his own advantage money collected for a client is guilty of a breach of trust which constitutes cause for disbarment.*

COMPLAINT, against Harry F. Allen, an attorney of the court, charging among other things the conversion of his client's money and misrepresentation to the client of the progress of the collection of the latter's demand against a third party. The facts were heard before a single justice, who found the foregoing charges proved and others set forth in the complaint not sustained.

The respondent, in making use of his client's money, did not intend to defraud, but hoped to be able to obtain the funds in some way when it became necessary to make. payment. The client was not defrauded; for when settlement was rendered imperative, the respondent's friends by loans or gifts furnished the necessary funds. When the money was used by the respondent, he had no certain means of replacing it and no reasonable grounds for expecting he could do so, except by obtaining it in the manner he did. He did intend to take to himself the use of his client's money while it remained in his possession, and did so. If he did not intentionally misrepresent to his client as to the progress of the collection, he was not frank or open in the matter, and unreasonably delayed reporting the completion of the collection and making settlement.

*Edwin G. Eastman*, attorney-general, and *Charles H. Batchelder*, solicitor, for the complaint.

*John W. Kelley*, for the respondent.

PARSONS, C. J. The only particulars in which this case differs from Delano's (58 N. H. 5) are that the money Delano appropriated did not come to him by reason of his office of attorney, and his friends were not able to restore all that he had appropriated. In that case it was thought unsafe to trust Delano with the money of his clients when he had misapplied trust funds in his possession, because the temptation to which he had yielded was one to which he would be constantly exposed in the practice of his profession. Allen, when exposed to this temptation, yielded. Expecting, doubtless, that he could postpone a settlement until the whole amount of the judgments was collected, he took to his own use

the money which he received by virtue of his office. "It is indispensable that an attorney be trustworthy. And he is not trustworthy if he is capable of improperly applying to his own use his client's money, whether he intends to return it or not." In *Delano's Case*, it was inferred he was capable of misapplying a client's money because he had misapplied money received by him as collector of taxes. The respondent here has done what it was inferred Delano was capable of doing. The fact that Allen's friends have paid the client does not remove the doubt as to his integrity in the future. If reliance on his friends was the consideration under which he ventured to use money not his own, when he had no certain means of replacing it, his success in this instance does not tend to produce a belief that he may not again regard that consideration as a sufficient reason for similar conduct; nor does the favor done him in this instance authorize the court to continue to hold him out as worthy of confidence, upon the theory that such favor will be repeated should there be occasion.

The profession cannot be free from all suspicion if persons are permitted to continue members of it who have once been untrue to the profession and their clients. Money collected by an attorney for his client, while in the hands of the attorney, is the money of the client and not capital for the use of the attorney in his business. Unless the client elects to create the relation of debtor and creditor, any use of the client's money by the attorney for his own advantage is a breach of trust which cannot be tolerated for a moment, without risk to the high reputation in such matters which it is the pride and duty of the profession to maintain. Allen is found to be an unfit person to hold the office of attorney and must be removed from office.

*Respondent removed.*

All concurred.