STATE BAR OF NEVADA, a Public Corporation, Complainant, *v.* W. C. McCLUSKEY, Respondent.

No. 3171

October 2, 1937.                           71 P. (2d) 1046.

*W. H. Edwards,* for Complainant:

*A. J. Maestretti,* for Respondent, did not file a brief, but relied upon his oral argument.

## OPINION

By the Court, COLEMAN, C. J.:

Disciplinary proceedings were instituted against W. C. McCluskey, a member of the state bar, by the filing of a complaint before the local administrative committee of the state bar of Nevada, in and for district No. 5. Respondent was found guilty by the committee, and asked and was given a trial de novo before the board of governors of the state bar. The board of governors found that the charges contained in specifications 1, 2, 3, and 6 were true, and that respondent was guilty of professional misconduct, and recommended that respondent be disbarred from the practice of law in the State of Nevada for the period of one year, without prejudice to his right to apply for admission to practice law by taking and passing the examination given by the board of bar examiners. He was not found guilty of the charges in specifications 4 and 5.

That a complete understanding of the matter may be had, we quote from the complaint, after omitting certain formal portions and other immaterial matter, as follows:

"That said accused has pursued a course of conduct in his capacity of attorney at law evidencing his unfitness for the confidence and trust which should attend the relation of attorney and client, and the practice of the law before the courts of the State of Nevada, which complainants allege constitutes misconduct in office, as follows:

"Specification No. 1.

"In that certain action for divorce entitled * * *, on the 23rd day of May, 1935, wherein said W. C.

McCluskey was attorney of record for the plaintiff, said accused caused a summons to be issued and to be thereafter served upon the defendant in the City of Spokane, State of Washington, on the 25th day of June, 1935; that the said accused failed and neglected prior to the issuance and service of said summons, to procure and file plaintiff's affidavit for such substituted service and failed and neglected to procure an order of said Court authorizing the service of such summons outside of the State of Nevada, as provided by section 8582, NCL 1929, as amended by chapter 134, Session Laws 1933, and section 8583, NCL 1929, as amended by chapter 95, Session Laws 1931. [section 2].

"That thereafter and on the 26th day of July, 1935, said case was tried and a decree dissolving the matrimonial status of the parties to said action was made and filed by said Court without said Court being informed by accused of such non-compliance with the aforesaid statutes in such cases made and provided. That said decree was thereafter vacated by the Court by a Minute Order entered on the 16th day of December, 1935; that on said 16th day of December, 1935, an affidavit for publication of summons was sworn to by said respondent and an order for publication issued and filed, and a second summons was served on the defendant on the 26th day of December, 1935, and returned and filed January 1st, 1935. The affidavit for publication contains the following language: 'That this affiant knows the defendant's address since the commencement of the above entitled action to be, and now is * * *'. An affidavit showing service to have been made upon the defendant on said 26th day of September, 1935, at the above address appears in the file, but said affidavit of service is not attached to any summons and does not show which of the two processes was served upon defendant.

"On information and belief complainants aver that defendant's default was made and entered and a decree granted on the 31st day of January, 1936. On said last

mentioned hearing the Court entered an order permitting the re-introduction of all proceedings and testimoney given upon the previous hearing, but it does not appear from the record that said transcript was offered or admitted in evidence.

"Mrs. Earl Smith, the resident witness, testified at the hearing held on said 31st day of January, 1936, that she resided at 130 Stevenson Street, Reno, Nevada, and replying to respondent's question, stated that she had known the plaintiff for at least six weeks prior to May 22, 1935, but when asked by the presiding Judge when she first met the plaintiff, replied: 'I met her in April, about the 25th.'

"The transcript of the record and the clerk's minutes recite that the plaintiff was not present in court at said hearing, but the decree of January 31st, 1936, states that the plaintiff appeared in person.

"Specification No. 2.

"In that certain action for divorce entitled * * *, on the 12th day of September, 1935, wherein said W. C. McCluskey was attorney of record for the plaintiff, said accused caused a summons to be issued and to be thereafter served upon the defendant at * * * on the 16th day of September, 1935; that the said accused failed and neglected, prior to the issuance and service of summons, to procure and file plaintiff's affidavit for such substituted service and failed and neglected to procure an order of said Court authorizing the service of such summons outside of the State of Nevada, as provided by section 8582, NCL 1929, as amended by chapter 134, Session Laws 1933, and section 8583, NCL 1929, as amended by chapter 95, Session Laws 1931.

"That thereafter, and on the 17th day of October, 1935, said case was tried and a decree dissolving the matrimonial status of the parties to said action was made and filed by said Court without said Court being informed by accused of such non-compliance with the aforesaid statutes in such cases made and provided.

"That said decree was thereafter vacated by the Court by a Minute Order made on the 19th day of December, 1935. No personal service of said summons was made on the defendant, but service was attempted by publication in the Virginia City News, Virginia City, Nevada, and the affidavit for the order was made by respondent, and states: 'That this affiant knows defendant's address since the commencement of the above entitled action to be and now is * * *.' The default of the defendant was entered and the second decree granted May 1st, 1936, and on the last mentioned hearing of this cause, the Court entered an order permitting the re-introduction of all the proceedings and testimony given upon the previous hearing, but it does not appear from the record that said transcript was offered or admitted in evidence.

"Specification No. 3.

"In that certain action for divorce entitled * * *, on the 19th day of August, 1935, wherein said W. C. McCluskey was attorney of record for the plaintiff, said accused caused a summons to be issued and to be thereafter served upon the defendant at * * *, on the 4th day of September, 1935; that the said accused failed and neglected, prior to the issuance and service of summons, to procure and file plaintiff's affidavit for such substituted service and failed and neglected to procure an order of said Court authorizing the service of such summons outside of the State of Nevada, as provided by section 8582, NCL 1929 as amended by chapter 134, Session Laws 1933, and section 8583, NCL 1929, as amended by chapter 95, Session Laws 1931.

That thereafter and on the 9th day of October 1935, said case was tried and a decree dissolving the matrimonial status of the parties to said action was made and filed by said Court without said Court being informed by accused of said non-compliance with the aforesaid statutes in such cases made and provided.

"That said decree was thereafter vacated by the Court

by a Minute Order as appears from the Minutes thereof, dated the 25th day of November, 1935, and instructing the clerk to enter its order nunc pro tunc that the affidavit for publication and the order for publication in this action be filed as of August 15th, 1935. Consequently, neither affidavit for publication nor the order for publication were actually filed in this action until November 25th, 1935, but the clerk's filing marks show that both the affidavit and order were filed on the same day, to wit, August 15th, 1935, a period of four days prior to the institution of this action. * * *

### Specification No. 6.

"That on the 10th and 11th days of October, 1935, Clifford Bahem was tried in the Justice's Court in and for Reno Township, County of Washoe, State of Nevada, on a charge of violation of section 621, NCL 1929, making it 'unlawful for others than lawyers to solicit legal business,' and on the — day of October, 1935, a jury duly and regularly impanelled to try said issues, returned a verdict finding said Clifford Bahem guilty as charged; that during the course of said proceedings said Clifford Bahem was represented by said accused, W. C. McCluskey.

"That thereafter, on the 9th day of March, 1936, said Clifford Bahem and said W. C. McCluskey made and filed a written application to the City Council for permission to conduct a taxicab business within said City of Reno; that on the 25th day of March, 1936, said City Council refused to grant, and denied, said application."

The respondent was admitted to the bar in Missouri in 1927 and practiced in Kansas City for several years; he was admitted in Nevada upon his Missouri license, October 1934, and commenced to practice in 1935. The respondent having been acquitted on specifications 4 and 5, we will make no allusion to them, nor to the evidence introduced in support of them, but confine ourselves strictly to the evidence in support of the specifications upon which he was found guilty.

The charges in each of the first three specifications are identical as to one feature, that is, that respondent procured a decree of divorce upon personal service of summons upon the respective defendants, outside of the state, without first filing an affidavit for and obtaining an order of the court for service of summons. Nowhere is it intimated that either of the defendants were misled or deceived or that respondent willfully sought to mislead any of the defendants or the court. All that is contended is that respondent was misinformed as to the requirements of the law. Respondent testified that in suits which he had instituted where the residence of the defendant was unknown, he had made it a rule to file an affidavit and procure an order for the publication of summons, but that it had been his impression that, where the address of the defendant was known and where a summons could be personally served, it was not necessary to get an order of court.

■ Referring to the case mentioned in specification No. 1, in which the decree was based upon the character of service above stated, it appears from the specification that the decree was vacated on December 16, 1935, and that on the same day an affidavit for publication of summons, stating the address of the defendant, was filed, and an order for publication was issued and filed, and that summons was issued on said date and served on December 26, 1935, and returned and filed January 1, 1936, and that defendant's default and a decree were entered January 31, 1936. While some point is sought to be made of the fact that an affidavit showing service on the defendant on September 26 was made, but that it is not attached to any summons appearing of record, we are unable to see its significance or force, in view of the fact that it in no event could affect the decree of January 31, 1936, and in view of the further fact that the specification avers that the summons of December 16, 1935, was served on December 26, 1935, and returned and filed January 1, 1936.

■ There is an allusion to the testimony of Mrs. Smith. The significance of her testimony in this connection is not pointed out. Evidently the trial court was satisfied from all the evidence as to its jurisdiction, and that plaintiff was entitled to a decree.

It is said that at the last-mentioned hearing (January 31, 1936) the court entered an order permitting the introduction of all the proceedings and testimony given upon the previous hearing, but that it does not appear from the record that said transcript was offered or admitted in evidence.

It is said in the brief filed in behalf of the complainant: "It is further charged that the record of the proceedings shows that the plaintiff was not present in Court at the second hearing, but the decree states that the plaintiff appeared in person. Plaintiff's testimony relating to residence was not corroborated as provided by chapter 169, Session Laws 1931, page 277."

■■ The brief does not point out where we can find in the record the evidence on these or any other points, as is customary, and we do not feel called upon to search it out. As to these and other points, suffice it to say that every presumption is in favor of a judgment and decree of a court of record.

What we have said as to specification No. 1 applies to specification No. 2, and no special allusion need be made to it.

In the case referred to in specification No. 3, the original decree was vacated and the court entered what purports to be a nunc pro tunc order on November 25, 1935, for the filing of an affidavit for the publication of summons. Putting aside the force and effect of this order, the respondent testified that this order was not made on his application but by the court on its own motion. His testimony is not denied or questioned, but, as strange as it may seem, respondent was examined as to his knowledge of the conditions under which such an order can be properly made.

■ It clearly appears that respondent was careless

in the three cases mentioned, in that, being recently admitted to the bar, he did not carefully read over our provisions of the law outlining the method of obtaining service of summons upon a nonresident defendant. As we have pointed out, however, it does not appear that he intended misleading any of the parties or the court.

If we were to disbar every lawyer who displays such neglect, some of the prominent lawyers of the state would be subject to the same penalty for the failure to follow the requirements as to perfecting appeals to this court. Why should we discriminate?

Our attention is not directed to any authority justifying the disbarment of respondent upon the specifications referred to. The only case called to our attention as supporting the contention is In re Hobbs, 75 N. H. 285, 73 A. 303, 305, and it is not in point. That was a case in which Hobbs, as justice of the peace, was guilty of willful misconduct, in criminal proceedings, and of grossly neglecting to turn over or account for fines collected. But even in that case the court merely suspended the respondent, as appears from the order, which reads: "The order is that he be reprimanded for willful disregard of proper criminal procedure and for grossly neglecting to turn over or account for fines imposed upon offenders, and that he be suspended from practice for six months."

It is our opinion that the proceedings should be dismissed as to specifications 1, 2, and 3.

██ As to specification No. 6, we are totally at a loss to understand upon what legal ground the respondent can be disciplined. If Bahem had been convicted of a most heinous offense, had paid the penalty, and was eligible to enter into business, we do not conceive of any legal or moral reason why he could not seek a license to do a legitimate business. Nor do we know why it was improper for respondent and Bahem to seek to obtain a license to do a legitimate business, and none is suggested. We have known of men who have served a term in state's prison to thereafter enter into legitimate

business pursuits and become highly respected. This specification is entirely without merit.

As was observed in Re Lemisch, 321 Pa. 110, 184 A. 72, 74: "The power to disbar must be exercised with the 'utmost care' (Maginnis' Case, 269 Pa. 186, 112 A. 555) and is not an arbitrary or despotic one."

It is ordered that the findings and conclusions herein reviewed be set aside, and that the proceedings be, and they are hereby, dismissed.

ON PETITION FOR REHEARING

November 15, 1937.

*H. W. Edwards,* for Complainant, *W. M. Gardiner* and *Harlan L. Heward,* of Counsel.

*A. J. Maestretti,* for Respondent.

Rehearing denied.

## OPINION

By the Court, COLEMAN, C. J.:

A petition for a rehearing has been filed in this matter, in which viewpoints are urged that were not presented or suggested on the original presentation.

We have often held that we would not grant a rehearing to consider a viewpoint not urged on the original hearing, hence we will not consider the merits of the petition. Johnson v. Local Union No. 971, 54 Nev. at page 340, 18 P.(2d) 448.

The petition for a rehearing is denied.