Original,
No. 4510.

Harrington's Case.

Submitted June 6, 1956.

Decided June 6, 1956.

*Richard F. Upton* for the respondent.

KENISON, C. J. The inherent power of the judiciary to make reasonable rules for the admission and removal of members of the Bar (*Ricker's Petition*, 66 N. H. 207, 211), confirmed by long usage and statute (RSA 311:8), requires that this court should take expeditious action for the protection of the community in cases of professional misconduct. *Moore's Case*, 76 N. H. 227, 229. "As occasion arises, appropriate disciplinary measures may be taken for the protection of the public, as well as for the maintenance of public confidence in the bar as a whole." *Welanko's Case*, 99 N. H. 413, 414. The misappropriation or embezzlement of clients' funds by an attorney demonstrates such lack of common honesty as to clearly justify an attorney's disbarment. *Delano's Case*, 58 N. H. 5. "Money collected by an attorney for his client, while in the hands of the attorney, is the money of the client and not capital for the use of the attorney in his business." *Allen's Case*, 75 N. H. 301, 302. While restitution of the misappropriated funds may be taken into consideration by the Trial Court on the question of sentence, it does not preclude disbarment for the protection of the

public. *Allen's Case, supra.* The respondent's conduct is contrary to his oath of office, demonstrates his unfitness to practice as an attorney and calls for his removal from office forthwith. The tendered resignation is refused and the respondent is disbarred as an attorney in this state.

*So ordered.*

All concurred.