Jerome L. SILVERSTEIN, Defendant,
Appellant,

v.

UNITED STATES of America,
Plaintiff, Appellee.

No. 6830.

United States Court of Appeals
First Circuit.

Heard April 4, 1967.
Decided May 12, 1967.

Paul A. Rinden, Concord, N. H., for appellant.

Louis M. Janelle, U. S. Atty., with whom Mitchell Rogovin, Asst. Atty. Gen., and Joseph M. Howard and John M. Brant, Attys., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTREE and COFFIN, Circuit Judges.

PER CURIAM.

■ Defendant was convicted and sentenced on the third and fourth counts of a four count indictment charging him with willfully making and subscribing false income tax returns in violation of the False Statement Statute, so-called.[1] Count III involves an understatement of some $2,200 in defendant's dividend income for the calendar year 1961. In Count IV he is charged with understatements of dividends, interest and capital gains for 1962; also, with taking a capital loss in 1962 which the government claims did not occur in that year.[2] Defendant did not dispute the discrepancies between the amounts of dividend, interest and capital gains income received and the amounts reported.[3] He defended on the ground that his failure to report the true and correct amounts was not willful and intentional, but on the contary was the result of his negligence in not keeping an accurate record of these sources of income. Thus, at the trial the sole issue was the question of defendant's willfulness.

■ Defendant's principal complaint is that he was not permitted to establish that even had he correctly reported his full income, the total amount of additional tax would have been only a few hundred dollars.[4] He sought to show this as being indicative of his lack of willfulness. Aside from the question of whether a jury might have thought a few hundred dollars is an insubstantial amount, we think defendant misses the point. The real issue in prosecutions under the instant statute is defendant's state of mind in reporting his income. A taxpayer might properly argue from the fact that his unreported income was small, he had unintentionally overlooked it. But this argument does not apply to the additional tax liability involved. Defendant could not have known what this latter figure was unless he first knew the amount of his additional income. If he failed to report this income, knowing what it was, then the fact that the tax involved might be thought to be slight certainly would not evidence good faith. In other words, the fact that the calculated tax may have been thought to be insubstantial, casts no light on the ques-

---

1.  26 U.S.C. § 7206(1), which reads as follows:

    "§ 7206. *Fraud and false statements*
    Any person who—
    (1) *Declaration under penalties of perjury.*—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; or
    \*    \*    \*    \*    \*
    shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

2.  The amounts of the understatements for 1962 were $924.82 in dividends; $118.25 in interest; $2,556.68 in capital gains from the sale of securities; and a long term capital loss of $1,467.84 from the sale of securities traded December 31, 1962, settlement date January 7, 1963.

3.  But he contends that the long term capital loss was properly taken in the 1962 return. With this we agree. There was more than sufficient evidence, however, of understatement of dividends, interest and capital gains from the sale of securities in that year to sustain the conviction on Count IV.

4.  For the calendar year 1961, the additional tax was $379.64. For 1962, it was $481.55.

tion whether defendant innocently overlooked his gross receipts.

All other points raised by defendant have been considered and found to be without merit.

Affirmed.