Original,
No. 5689.

### SILVERSTEIN'S CASE.

Heard October 17, 1967.
Decided December 29, 1967.

*William F. Harrington, Jr.* for the New Hampshire Bar Association and *L. Wilder Quint,* for the Committee on Professional Conduct.

*Jerome L. Silverstein,* pro se.

PER CURIAM. The indictment upon which the defendant was tried in the United States District Court for the District of New Hampshire charged him with four distinct violations of the Internal Revenue Code ( 26 U.S.C., *s.* 7206(1), *supra* ) in each of four years from 1960 to 1963 inclusive. In each instance the offense charged was that the defendant "wilfully and knowingly" made, subscribed, and verified an income tax return which he "did not believe to be true and correct as to every material matter." On his plea of not guilty, he was tried by jury and acquitted of the two offenses charged for the years 1960 and 1961, but convicted of those charged for 1962 and 1963. The specific offense charged for 1962 was an understatement of dividends received, upon which the tax would have been an additional $379.64; and for 1963 an understatement of dividends, interest and long-term capital gains and the claiming of a long-term capital loss, all of which operated to reduce the tax by $481.55. See *Silverstein* v. *United States,* 377 F. 2d 269, *supra,* 270, n. 4. The last mentioned loss was held by the Court of Appeals to have been properly taken in the return filed for 1962. 377 F. 2d 269, *supra,* 270, n. 3.

The defendant was sentenced to pay a total fine of $4,000 and to serve concurrent sentences of four months imprisonment, which were reduced to three months following decision by the Court of Appeals. He has paid the fines and served the sentences.

The defendant became a member of this Bar in 1946. The Judicial Referee found: "This was the defendant's first offense and did not involve any attorney-client relationship, nor was any evidence introduced at the hearing before the Judicial Referee of any other charges of misconduct against the defendant." The Referee pointed out certain mitigating circumstances, and recommended that this court take appropriate disciplinary action in the interest of maintaining public confidence in the Bar of this state. See *Ford's Case,* 102 N. H. 24, 26.

As earlier opinions of this court have made plain, disciplinary action is not taken "as a mode of inflicting a punishment for an offense." *Ricker's Petition,* 66 N. H. 207, 212. For his violations of the law the defendant has paid the penalty which that law provides. However an attorney is an officer of the court whose oath binds him to do no falsehood. RSA 311:6. See *We-*

*lanko's Case,* 99 N. H. 413; *Moore's Case,* 76 N. H. 227. The defendant's conduct was not of the high order which the public has the right to demand from members of the legal profession. As occasion arises, appropriate disciplinary measures may be taken for the protection of the public, as well as for the maintenance of public confidence in the bar as a whole. *Ford's Case,* 102 N. H. 24, *supra,* 25.

In this, as in any case, the nature and extent of disciplinary action to be taken must depend upon the circumstances of the case and the nature of the misconduct. *Ford's Case, supra; Broderick's Case,* 104 N. H. 175. After full consideration of the record, it is ordered that Jerome L. Silverstein be suspended from the practice of law for a period of three months, effective January 1, 1968 and continuing until April 1, 1968.

*So ordered.*