Original,
No. 6137.

## JOHN J. WHOLEY'S CASE.

October 30, 1970.

*Frederic K. Upton* as President of New Hampshire Bar Association and *Laurence F. Gardner* as Chairman, Committee on Professional Conduct, pro se.

*William Maynard* for the defendant.

DUNCAN, J. This petition for disciplinary action, filed in this court on September 25, 1970 by Frederic K. Upton, as President of the New Hampshire Bar Association and Laurence F. Gardner, as Chairman of its Committee on Professional Conduct, alleges professional misconduct on the part of John J. Wholey of Portsmouth, and seeks inquiry with respect thereto, and appropriate disciplinary measures. The defendant's answer admits "all of the facts alleged." The parties were heard on October 20, 1970.

The defendant was admitted to the bar of this State on September 4, 1951, and has since engaged in the practice of law in Portsmouth. During much of this time he has been active in public affairs, having served upon the local school board, city council, and most recently as mayor of Portsmouth.

The misconduct complained of consisted of the personal use, on two different occasions in 1967 and 1969, of funds received to the account of clients, before remitting to them; and wilful failure to file income tax returns in the years 1964 through 1966,

in violation of 26 U.S.C. *s.* 7203, on account of which misdemeanors the defendant was convicted and sentenced on July 27, 1970, upon his pleas of guilty. Additionally the complaint discloses that on June 23, 1966 the defendant had been reprimanded by the Committee on Professional Conduct because of personal use of funds of clients on three previous occasions. It appears that in all instances the funds due to clients have been remitted to them, following complaints to the committee.

It has long been established in this State that " any use of the client's money by the attorney for his own advantage is a breach of trust which cannot be tolerated . . . . " *Allen's Case,* 75 N.H. 301, 73 A. 804 ( 1909 ). *See also Delano's Case,* 58 N.H. 5 ( 1876 ); *Harrington's Case,* 100 N.H. 243, 123 A.2d 396 ( 1956 ). An attorney should not be held " out to the world as worthy of confidence when the holding out becomes false and fraudulent. " *Delano's Case, supra* at 6. It is incumbent upon this court to make appropriate orders for the protection of the public and the maintenance of confidence in the bar as a whole; and each case " must be determined on its own facts and circumstances, " and a " measure adopted which is warranted thereby and designed to accomplish the ends sought . . . . " *Donovan's Case,* 108 N.H. 34, 39, 226 A.2d 779, 783 ( 1967 ).

That funds which have been misapplied have been restored, as in this case, will be taken into account, but the need for disciplinary action is not thereby eliminated. *Harrington's Case supra.* Similarly the fact that this defendant has been subjected to substantial fines and a sentence of probation for one year because of the offenses of which he stands convicted is a circumstance to be considered but does not provide absolution from the charges made by this complaint. *Ford's Case,* 102 N.H. 24, 149 A.2d 863 ( 1959 ). His misconduct is unquestionably reprehensible.

The evidence before us would admit of a finding that the defendant's misconduct is at least in part attributable to financial difficulties which arose from his expenditure of time and effort in public affairs. Other pressures, and resort to drink appear also to have been factors. A number of the defendant's fellow attorneys and his probation officer have appeared before us to support the assertion that since January the defendant has overcome his mental and emotional depressions and domestic difficulties, has foresworn intoxicants, and in general has conducted himself in an upright manner. The same witnesses have

expressed confidence in his legal ability and future good conduct, and have urged that the public can be adequately protected by measures short of disbarment.

Taking into account the evidence presented, including the defendant's own profession of repentance and reestablishment of self control, we consider that a period of suspension will enable him to firmly reestablish his trustworthiness and good character. *See Hobb's Case,* 75 N.H. 285, 73 A. 303 ( 1909 ). At the same time we must recognize that the unfavorable influence of his financial liabilities will continue. Our order is that the defendant is suspended from the practice of law for a period of six calendar months, commencing November 1, 1970.

*So ordered.*

KENISON, C.J., did not sit; the others concurred.