Original
No. 81-059

## NARDI'S CASE

March 26, 1982

*Sherman D. Horton, Jr.*, of Nashua, as Chairman of the Committee on Professional Conduct.

*Brown & Nixon P.A.*, of Manchester (*David L. Nixon* orally), for the respondent.

PER CURIAM. The question presented is the range of the discipline to be imposed upon Bernard V. Nardi, Jr.

The United States District Court for the District of New Hampshire convicted Mr. Nardi of conspiracy to commit certain bank robberies, of receipt of the proceeds of one of the bank robberies, and of being an accessory after the fact by assisting in the concealment of the proceeds of another robbery. *United States v. Nardi*, No. 78-00048-01 (D.N.H. July 16, 1979). Concurrent sentences of one-year's imprisonment were suspended, and probation for a period of three years from the date of the sentence was

ordered. On appeal, the conviction was affirmed. *United States v. Nardi*, 633 F.2d 972, 978 (1980).

Mr. Nardi agreed to a voluntary suspension from the practice of law, and on August 2, 1979, this court suspended him pending further proceedings. On December 21, 1981, a hearing was held before a Referee (*Ralph H. Wood*, Esq.). During that hearing, the respondent urged the referee to recommend to the supreme court that we suspend him for a period commensurate with his criminal probationary period. The Chairman of the Committee on Professional Conduct, speaking on behalf of committee members, urged the referee to recommend an indefinite suspension. The referee recommended that the court suspend Mr. Nardi indefinitely and grant him leave to petition on or about August 2, 1984, for readmission to the practice of law. In oral argument before this court on February 22, 1982, the respondent and the chairman reiterated the positions which they had taken before the referee.

■■ The supreme court is obligated to discipline a lawyer appropriately when the lawyer's conduct seriously deviates from professional norms. *State v. Merski*, 121 N.H. 901, 909, 437 A.2d 710, 714 (1981), *cert. denied*, 50 U.S.L.W. 3668 (1982); *Barnard's Case*, 101 N.H. 33, 34, 131 A.2d 630, 630–31 (1957). *See generally* ABA Problems and Recommendations in Disciplinary Enforcement, 12–14 (Preliminary Draft 1970). The purposes of disciplinary action are not to add to the punishmnent imposed by the criminal law, but to protect the public, to nurture public confidence in the bar, and to reaffirm the bar's fidelity to the high ethical standards that the public has a right to expect from members of the legal profession. *State v. Merski*, 121 N.H. at 909, 437 A.2d at 714; *Harrington's Case*, 100 N.H. 243, 244, 123 A.2d 396, 396 (1956); *Lawyers, Clients, and Professional Regulation*, 3 AM. B. FOUNDATION RESEARCH JOURNAL 919, 925 (1976).

During the past quarter of a century, this court has suspended lawyers guilty of committing federal internal revenue misdemeanors. *E.g.*, *Wholey's Case*, 110 N.H. 449, 451, 270 A.2d 609, 610 (1970) (six-month suspension); *Silverstein's Case*, 108 N.H. 400, 402, 236 A.2d 488, 490 (1967) (three-month suspension); *Ford's Case*, 102 N.H. 24, 26, 149 A.2d 863, 864 (1959) (two-month suspension). The court has also disbarred two lawyers who were each guilty of committing the felony of embezzlement. *Barnard's Case*, 101 N.H. 141, 135 A.2d 902 (1957); *Harrington's Case*, 100 N.H. at 245, 123 A.2d at 397.

■ The range of discipline to be imposed rests largely upon the facts and circumstances of each case. Mr. Nardi is a member of a

distinguished family. He has no prior criminal record. Friends and acquaintances, members of the bar and nonmembers, clergy and laity have written letters supporting him and urging leniency. His criminal conduct is said to have resulted from such matters as his youth, inexperience, and situational influences, and not from his innate character.

We have considered the many matters that have been urged upon us in mitigation of Mr. Nardi's conduct. These matters have weight; they have not been neglected or slighted, but they are not preponderant. We have concluded that the serious nature of the felonies Mr. Nardi has been adjudged guilty of committing and the purposes of disciplinary enforcement overcome the matters in mitigation.

Bernard V. Nardi, Jr., is disbarred forthwith. He shall not petition the court for reinstatement to the bar prior to August 2, 1984. Any such petition shall be acted upon in accordance with such rules of the court as may then be applicable, or as may be otherwise ordered by the court.

*So ordered.*

KING, C.J., DOUGLAS, BROCK, and BATCHELDER, JJ., did not sit; FLYNN, CONTAS, TEMPLE, and PAPPAGIANIS, JJ., sat by special assignment pursuant to RSA 490:3 (Supp. 1979) with BOIS, J.