## Frank A. CARTER, Jr., Chief Disciplinary Counsel

v.

## Roger C. ROSS.

No. 83–304–M.P.

Supreme Court of Rhode Island.

June 22, 1983.

Frank A. Carter, Jr., Chief Disciplinary Counsel, Providence, R.I., for plaintiff.

John B. Reilly, Warwick, for defendant.

## OPINION

PER CURIAM.

This is a disciplinary proceeding in which the respondent, Roger C. Ross, a member of the bar of this state since October 1976, has acknowledged before a hearing panel of our Disciplinary Board that he has converted to his own use $33,890.34 of funds belonging to an estate for which he was the attorney. As a result of this and other admissions, the board has found that the respondent has violated various provisions of the Code of Professional Responsibility in that he has engaged in fraudulent and deceitful conduct,[1] damaged his client's interest during

---

1. DR 1–102(A)(4).

their professional relationship,[2] and failed to deliver to his client funds to which the client was entitled.[3]

Lillian S.A. Smith died on August 7, 1979. Her will was admitted to probate by the East Providence Probate Court on December 11, 1979; and the appointment of Robert D. Smith, Jr., a Massachusetts resident, as the executor of the decedent's estate was confirmed. The executor then hired respondent to act as the estate's attorney.

In February 1981 the assets of the estate amounted to $33,890.34, and the funds were invested in a six-month money market certificate issued by Citizens Trust Company. Later, in August 1981, respondent told the executor that he would renew the certificate for an additional six months. In actuality, at this point respondent converted the proceeds of the money market certificate to his own purposes. He did so by endorsing the trust company's check "Estate of Lillian S.A. Smith by Roger C. Ross" and then depositing the proceeds into a "Clients' Account" that he had maintained at the Old Stone Bank. Thereafter, he used some of these funds to reimburse another client for funds belonging to that client which respondent had converted to his own use. The respondent used the balance of the funds to pay the expenses involved in maintaining his law office and his family.

The respondent, in seeking to mitigate any sanction recommended by the Disciplinary Board, told the hearing panel that he had recently finally accepted the fact that he was an alcoholic. The board recommends disbarment. When respondent appeared before us in chambers in response to our order to show cause why discipline should not be imposed, he repeated much of what he had told the hearing panel.

■ The primary purposes of disciplinary proceedings are to protect the public and to nurture public confidence in the bar by reaffirming the bar's fidelity to the high ethical standards that the public has a right to expect from members of the legal profession. *Nardi's Case,* N.H., 444 A.2d 512, 513 (1982). Misappropriation of a client's funds is both a crime and a direct violation of DR 9–102 of the Code of Professional Responsibility.

In *Matter of Wilson,* 81 N.J. 451, 409 A.2d 1153 (1979), the New Jersey Supreme Court noted that a client permits his lawyer to handle the client's money because the client trusts the lawyer—a trust that has been based upon the honesty and faithfulness of those many attorneys who have striven through the centuries to make the practice of law an honorable and learned profession. We, like our New Jersey colleagues, are convinced that continuing public confidence in the judicial system and the bar as a whole requires that the strictest discipline be imposed in misappropriation cases. Thus, even though we wish the respondent well in any effort he may make to rehabilitate himself, we believe that he has failed to show cause why he should not be disbarred. Alcoholism can create tragedy in all occupations and professions, but this court is charged with the responsibility of doing everything within reason to safeguard a client's funds from an unfit attorney, whatever the cause of his unfitness may be.

Therefore, it is hereby ordered and directed that the respondent, Roger C. Ross, be and hereby is disbarred from the practice of law before the courts of this state. He is also ordered to comply with the provisions of our Rule 42–15(a), (b) and to furnish the clerk of this court on or before July 15, 1983, the names and addresses of any and all clients presently represented by him.

SHEA, J., did not participate.

---

**2.** DR 7–101(A)(3).

**3.** DR 9–102(B)(4).