Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

W. Slater ALLEN, Jr.

No. 87-134-M.P.

Supreme Court of Rhode Island.

April 9, 1987.

Frank A. Carter, Jr., Providence, pro se.

William A. Dimitri, Jr., Providence, for defendant.

## OPINION

PER CURIAM.

This matter is before the Supreme Court following a hearing before a panel of the Disciplinary Board of the Supreme Court and its subsequent decision pursuant to Rule 42–6(b) of the Rules of the Supreme Court. The board had determined that the respondent, W. Slater Allen, Jr., was guilty of violating several provisions of the Code of Professional Responsibility.

The board found that respondent had served as executor of a probate estate since July 10, 1972. The sole heir at law and income beneficiary of a trust established under the will was the testatrix's daughter who lived in a nursing home in another state.

The petition filed against respondent alleged that he had received sums of money in his capacity as executor that were due and owing to the beneficiary but which were commingled with his own assets and retained by him and never disbursed to the beneficiary. Also, it was alleged that respondent failed to make an accounting of the estate, failed properly to represent the estate with the Internal Revenue Service, and failed to turn over certain documents and records in connection with probate proceedings.

After a hearing, during which much evidence stipulated to by respondent was introduced, the board found that estate funds were commingled with respondent's in violation of Disciplinary Rule 9–102(A). The board also found that respondent had misappropriated for his own use funds belonging to the estate, thereby engaging in dishonest and fraudulent conduct in violation of DR 1–102(A)(4). In addition, the board found that respondent failed adequately to maintain estate records and failed, when required by the Probate Court, to produce them. That conduct was found to be prejudicial to the administration of justice in violation of DR 1–102(A)(5). Furthermore, respondent was found guilty of failure promptly to notify a client of receipt of money in violation of DR 9–102(B)(1) and failure to maintain complete records of a client's business in violation of DR 9–102(B)(3). The board also found that respondent had failed to take proper measures to protect the client's interests violating DR 7–101(A)(1); failed fully to carry out his contract of employment, violating DR 7–101(A)(2); and failed to refrain from action that prejudices or damages a client's interests, violating DR 7–101(A)(3).

It is the recommendation of the disciplinary board to this court that respondent be disbarred. The respondent acknowledged the truth of virtually all the evidence upon which the board acted. Since we have held that the misappropriation of a client's funds alone warrants disbarment, the recommendation of the board is adopted. *Carter v. Ross*, 461 A.2d 675 (R.I.1983).

The respondent is disbarred from the practice of law in this state. He is ordered to comply with Rule 42–15(a) and (b) and to file with the clerk of this court, within twenty days of the date of this opinion, a complete list of all clients presently represented by him so that appropriate steps can be taken to protect their interests in any pending matters.

MURRAY, J., did not participate.