**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Kevin D. McCARTHY.**

No. 88–320–M.P.

Supreme Court of Rhode Island.

Aug. 3, 1988.

Charles Butterfield, Jr., Warwick, for plaintiff.

Frank A. Carter, Jr., Chief Disciplinary Counsel, pro se.

## OPINION

PER CURIAM.

This case is before the Supreme Court following a disciplinary proceeding against the respondent Kevin D. McCarthy, who has been a member of the bar since October 18, 1979. Three complaints against the respondent were consolidated for hearing before a panel of disciplinary board members.

The facts in each case were undisputed. The complaints involved situations in which respondent had been engaged to render services to clients. He had either accepted money as a retainer for services to be rendered or come into possession of funds and personal property by reason of his position as attorney. In each case the services were never rendered and the funds were converted to respondent's use. Although respondent did acknowledge his signature on checks and other documents, he claimed that because of his heavy use of alcohol and drugs he had no specific recollection of many events testified to by complainants and their witnesses.

Because of his failure to respond to several complaints filed against him with the disciplinary counsel, this court suspended respondent from the practice of law by our order dated December 17, 1982. He has remained under suspension since that time.

After an absence respondent returned to this state and underwent a course of treatment for his addictions which, he advises the court, has been successful to date. Following this recovery period respondent was able to respond to the complaints and they were subsequently heard and are now before this court for disposition.

The court has been advised that with the help of his family respondent has been able to make restitution to former clients whose funds he had misappropriated.

It is clear from the record that at times respondent might well have been sufficiently impaired so that he lacked the specific intent to violate the disciplinary rules. However, it is also obvious that he has, on numerous occasions, violated the ethics applicable to the attorney/client relationship while not so impaired. He has misappropriated the funds and the property of clients, violating DR 9–102; he has neglected matters entrusted to him in violation of DR 6–101; he has engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1–102.

This court has had occasion in recent years to point out that the primary purpose of these disciplinary proceedings is to protect the public rather than to punish the offender. In *Carter v. Gonnella*, 526 A.2d 1279, 1281 (R.I. 1987), we quoted with approval language from an opinion of the Supreme Court of Iowa that stated:

"Those who equate lawyer discipline cases with criminal prosecutions fail to grasp the perspective in which we view the proceedings. To be sure, a criminal act sometimes precipitates a lawyer disciplinary proceeding. But the proceeding is not strictly criminal in nature. Its purpose is not alone, or even primarily, intended to punish the lawyer. Rather the primary goal in disciplinary cases is to protect the public." *Committee of Professional Ethics and Conduct of the Iowa State Bar Association v. Silver*, 395 N.W.2d 877, 879 (Iowa 1986).

Also, in *Carter v. Ross*, 461 A.2d 675 (R.I. 1983), we observed that "a client permits his lawyer to handle the client's money because the client trusts the lawyer—a trust that has been based upon the honesty and faithfulness of those many attorneys who have striven through the centuries to make the practice of law an honorable and learned profession." *Id.* at 676 (citing *Matter of Wilson*, 81 N.J. 451, 409 A.2d 1153 (1979)). We also agreed with the New Jersey Court when it said that continuing public confidence in the judicial system and bar as a whole requires that the severest disci-

pline be imposed in misappropriation cases. 461 A.2d at 676.

Consequently, while we wish the respondent well in his efforts to overcome the problems that have so drastically affected his personal and professional life, we have no choice but to order disbarment for the protection of the public as well as the profession as a whole.

Therefore it is ordered and directed that the respondent, Kevin D. McCarthy, be and hereby is disbarred from the practice of law before the courts of this state. He is also ordered to comply with the provisions of our Rule 42–15(a) and (b) before August 15, 1988.