**Frank A. CARTER, Jr. Chief Disciplinary Counsel**

v.

**Delphis R. JONES.**

**No. 87–139–M.P.**

Supreme Court of Rhode Island.

Nov. 17, 1988.

---

Frank A. Carter, Jr., Chief Disciplinary Counsel, for plaintiff.

Delphis R. Jones, pro se.

## OPINION

PER CURIAM.

This matter is before the court on an order issued to the respondent attorney to appear and show cause why he should not be disciplined pursuant to the provisions of Supreme Court Rule 42–6(d). That rule provides, in pertinent part, that after a formal hearing on disciplinary proceedings against an attorney before the Disciplinary Board of the Supreme Court of Rhode Island,

> "[i]f the board shall determine that the matter should be concluded by a recommendation of private censure, public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this court. This court shall review the record and enter an appropriate order. ' * * *."

In this case, the board heard three complaints against respondent. Our review of the record discloses that respondent attorney persistently failed to take steps to protect his clients' interests. In one case he accepted a retainer in a divorce action, in addition to payment for investigative services, and another retainer for an alienation-of-affections suit by the same woman. He did virtually nothing in her behalf and actively misinformed her about the nature of hearings that resulted in her waiving rights to alimony and support. In another case respondent was retained by a client to review a claim arising out of the client's termination of employment and a dispute concerning his profit-sharing entitlement. The respondent was so dilatory in his representation that the client's rights were irrevocably prejudiced by the time other counsel was brought into the case. In the last of the three matters heard, respondent undertook to settle a case involving medical malpractice contrary to specific instructions from his client. Before the board, respondent admitted the truth of all the essential facts giving rise to the complaints against him. The disciplinary board found respondent to be in violation of Disciplinary Rules 1–102(A)(3) and (4); 6–101(A)(1), (2), and (3); 7–101(A)(2); and 7–102(A)(5).

By letter, respondent, now living in another state, advised the court that he could not appear in response to the show-cause order. He acknowledged he could offer no justification why he should not be disciplined. He stated not only that he could offer no excuse for the events that happened, but also that he was deeply remorseful and concerned, and he asked that the court exercise compassion for his situation.

There has been neither evidence nor good reason presented to the court in regard to why discipline should not be imposed; consequently, we must do so. Our primary responsibility and concern in acting on these disciplinary matters is to protect the public. *Carter v. McCarthy*, 544 A.2d 149, 150 (R.I. 1988). Public confidence in our bar and our judicial system as a whole requires that persons who have committed serious violations of the canons of ethics be removed from the practice of law. "[C]onduct that falls below the standards of honesty and integrity required of all attorneys will not be tolerated." *Carter v. Romano*, 499 A.2d 749 749 (R.I. 1985).

Therefore, it is ordered and directed that the respondent, Delphis R. Jones, be and hereby is disbarred from the practice of law before the courts of this state. He is ordered to comply with the provisions of our Rule 42–15(a) and (b) on or before November 30, 1988, by filing with the clerk of the Supreme Court a list of all active clients so that necessary steps may be taken to protect their rights.