**Ralph A. KOONTZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18078.**

United States Court of Appeals
Fifth Circuit.

April 13, 1960.

Thomas A. Larkin, Samuel L. Payne, Jacksonville, Fla., Larkin, Lewis & Decker, Jacksonville, Fla., for appellant.

John L. Briggs, Asst. U. S. Atty., Jacksonville, Fla., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was charged and tried under a simple indictment in one count [1] with willfully and knowingly attempting to evade and defeat payment of a part

---

[1] "That on or about the 13th day of May, 1954, in the Southern District of Florida, Ralph A. Koontz did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 1953 by filing and causing to be filed with the Director of Internal Revenue for the Internal Revenue Collection District of Florida, at Jacksonville, a false and fraudulent income tax return wherein it was stated that his net income for the calendar year was the sum of $6,816.-43 and that the amount of tax due and owing thereon was the sum of $580.84, whereas, as he then and there well knew, his income for the said calendar year was the sum of $8,016.43, upon which said net income there was owing to the United States of America an income tax of $869.-04; in violation of Section 145(b) of Title 26, United States Code."

of his income tax for the calendar year 1953.

In his opening statement to the jury, counsel for the government, saying that he would put on evidence to show that for the year 1953 defendant, willfully and knowingly and with intent to defeat the tax, made an income tax return in which he claimed $1200 as an exemption on account of his then deceased wife, concluded: "That, in essence, is the government's case."

The defendant's counsel entered a plea of not guilty and, in his opening statement, stated as his defense:

"* * * the evidence will show, first of all that Mr. Koontz made an error, a technical error. Secondly, that even assuming that he made the error in the return, that if his return had been correctly calculated the Government would owe Mr. Koontz money because of a mistake that was made in certain portions of the return."

He then went on to say:

"And it is very important for you to listen to the Judge's charge, because at the close of this case he will charge you that, as one of the elements, the Government must prove a loss to the government. In other words, the fact that the return is mistakenly filled out, even willfully or knowingly, alone does not constitute the offense. There must be some loss of revenue to the Government in order to constitute the offense."

The Government then offered evidence to support its claim as made and at its conclusion the defendant made a motion for a directed verdict which was denied.

The defendant, then proceeding with his defense, undertook by his own testimony and that of other witnesses, including one Bradford, a certified public accountant, to establish his defenses, including the defense that an item listed in his return as a capital loss was a loss of ordinary income, and its allowance as such would show that the defendant not only did not evade taxes but had paid more tax than was due.

It was then that the trial lost its simplicity and became quite confused, complex and uncertain, with the result: that the defendant was unable to effectively put on his defense; the jury were instructed that the only issue in the case was whether the defendant had willfully claimed his deceased wife as a deduction; and defendant was completely deprived of his right to a trial of the defense which he had in good faith tendered. For the court, stating with reference to defendant's tendered issue, that he had overpaid his taxes:

*"Well that is a question you will have to litigate on the civil side in this controversy and not in this court on the criminal side."* (Emphasis supplied.)

and defendant's counsel replying:

"Your Honor, I beg to disagree. The question was that if he was entitled to take that, then he did not owe anything for that year, and it is very much a part of the criminal case."

the court replied:

*"Well he did not claim it, and I am not going to try it out to see whether he was entitled to."* (Emphasis supplied.)

Thereafter, though upon the continued insistence of defendant's counsel that the matter was material he did allow some testimony to come in, including testimony of the accountant that the loss was improperly classified as a capital loss instead of an ordinary loss and that in his opinion it was properly taken in the tax year, the court stating:

*"But you are not in a position to say that he was entitled to it in that year and it should have been included in his return.";* and *"I will overrule your motion because the whole thing insofar as the case is concerned at this time is of no consequence."* (Emphasis supplied.)

further stated:

*"I am not going to let the government get into the question as to whether or not the $1000 was a proper deduction or whether or not the $3700 was a proper deduction. He has made no showing that he has ever made any effort to get that error modified, if it was an error, and his income tax return amended."* (Emphasis supplied.)

Finally, when it came to a discussion of the charge to the jury, the court, in answer to defendant's question:

*"Are you going to permit me to argue that, on the basis of the evidence, this man did not owe any tax".* (Emphasis supplied.)

replying:

*"Well, I am going to instruct the jury to the contrary. I am going to tell the jury to completely disregard all that testimony with reference to the loss. This is a civil matter and it doesn't belong in this case, and the only issue in this case insofar as the jury is concerned is whether the defendant filed an income tax return claiming the exemption on behalf of his wife knowingly."* (Emphasis supplied.)

proceeded to so instruct the jury, and as a result, with all defenses swept away, it necessarily found the defendant guilty.

Appealing from the judgment and sentence, defendant, citing cases [2] which fully support his view, is here insisting: that he was entitled to, but did not have, a trial by jury of the issues tendered by him; and that, because of the things said and done during the trial and generally of the way the case was tried, the judgment must be reversed and the cause remanded for trial anew.

■ We agree. As the appellant's cases show and the government concedes in its brief, the law is as contended for by appellant below and here, and the district judge erred in holding that the tendered defense was not available in the criminal case because it had not been asserted as a claim through an amendment of the return and a claim on the civil side.

The government in its brief states: that the accumulative effect of defendant's testimony "was overwhelmingly indicative of the fact that it was competent as a matter of law to sustain the defense' contention that there was no tax owing for the year 1953 and was, accordingly, correctly excluded from the jury's consideration by instruction of the court in his charge."

■ Whether the government's statement is taken as it is or with the apparently inadvertently omitted "not" supplied before "competent", this summary disposition by the government of appellant's claim to a retrial on the issue tendered by it will not do. This is so both because the question of whether the testimony offered by defendant made out his defense was not a question of law for decision by the court but a question of fact for decision by the jury under appropriate instructions, and because of the way the case was tried.

The judgment is reversed and the cause is remanded for trial anew and for further proceedings not inconsistent herewith.

JONES, Circuit Judge, concurs in the result.

---

2. Clark v. United States, 8 Cir., 211 F. 2d 100, at page 103; United States v. Bender, 7 Cir., 218 F.2d 869, to which may be added Elwert v. United States, 9 Cir., 231 F.2d 928 and McClanahan v. United States, 5 Cir., 272 F.2d 663.