**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cecil J. BISHOP, Defendant-Appellant.**

**No. 71–1950.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1972.

Rehearing Denied May 1, 1972.

J. Richard Johnston (argued), of Johnston, Klein, Horton & Solomon, Oakland, Cal., for appellant.

John P. Burke (argued), Meyer, Rothwacks, Crombie, J. D. Garrett, Joseph H. Reiter, Dept. of Justice, Fred B.

Ugast, Acting Asst. Atty. Gen., John P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before ELY and WRIGHT, Circuit Judges, and POWELL, District Judge.*

POWELL, District Judge:

This appeal is taken from conviction on three counts of wilfully making and subscribing, under penalties of perjury, false income tax returns in violation of 26 U.S.C. § 7206(1).

The taxpayer was a practicing attorney in Sacramento, California. He also operated a walnut ranch near Red Bluff, California, which was managed by his stepmother. During the years covered by the indictment, 1963, 1964, and 1965, the ranch operated at a loss. The taxpayer reported no tax for the years 1963 and 1964; his tax in 1965 was $1,018.98. The charge of false declaration on the taxpayer's personal income tax returns arose out of items which he listed as deductible farm expenses incurred in the operation of the ranch. As ranch manager, the taxpayer's stepmother kept records of the day-to-day expenses. To meet these expenses the taxpayer sent weekly checks to his stepmother; occasionally he paid creditors directly. At the end of the year his stepmother furnished an itemized accounting of all expenses, to which all expenses paid directly to creditors were added. The lists of expenses furnished were turned over to one of the secretaries in the taxpayer's law office. From these lists with other expenses, schedules of expenses were prepared, which were entered by the taxpayer on his income tax returns.

The understatement of income resulted from the addition of expenses. To the itemized list of expenses, including the expenses paid directly to creditors, the taxpayer added all the payments made to his stepmother as ranch manager. The effect was to double deductible expenses. This procedure resulted in the overstatement of farm expenses in the following amounts: in 1963—$19,923.87; in 1964—$17,021.70; and in 1965—$10,062.86. The taxpayer testified that he relied upon the computations of his stepmother and his legal secretary.

The taxpayer complains of three errors, specifically that: First, in his prosecution for violation of 26 U.S.C. § 7206(1), he was entitled under the evidence to a jury instruction by which the jury could find him guilty of a violation of 26 U.S.C. § 7207, as a lesser included offense; Second, it was error to admit his 1961 return; and Third, it was error to admit that an item of farm income accruing in 1965, was reported in his 1964 return.

The taxpayer's first argument is well taken. Rule 31(c) of the Federal Rules of Criminal Procedure permits the jury to find the defendant guilty of an offense not charged in the indictment if that offense is "necessarily included in the offense charged." The instruction submitted and rejected was essentially 26 U.S.C. § 7207,[1] which is a misdemeanor. The contention is that this section is a lesser included offense of 26 U.S.C. § 7206(1)[2]. The doctrine of the lesser included offense requires that there be similar factual elements as to

---

* Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

[1]. "Any person who willfully delivers or discloses to the Secretary or his delegate any list, return, account, statement, or other document, known by him to be fraudulent or to be false as to any material matter, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both. Any person required pursuant to sections 6047(b) or (c), 6056, or 6104

(d), to furnish any information to the Secretary or any other person who willfully furnishes to the Secretary or such other person any information known by him to be fraudulent or to be false as to any material matter shall be fined not more than $1,000, or imprisoned not more than 1 year, or both."

[2]. "Any person who—
1. Declaration under penalties of perjury.—Wilfully makes and subscribed any return, statement, or other document, which contains or is verified by a writ-

**614**

both the lesser and the greater offenses; but that the elements of the lesser offense be included within, but not completely subsumed by the greater. See Olais-Castro v. United States, 416 F.2d 1155, 1157 (9th Cir. 1969); James v. United States, 238 F.2d 681, 683 (9th Cir. 1956); 8 Moore's Federal Practice ¶ 31.03.

Both Sections 7206(1) and 7207 contain the element of wilfulness. In income tax prosecutions this circuit has repeatedly interpreted the word "wilfulness", as used in a misdemeanor statute, to mean something less than the same word "wilfulness" used in a felony statute. United States v. Haseltine, 419 F. 2d 579 (9th Cir. 1969); United States v. Fahey, 411 F.2d 1213 (9th Cir. 1969), cert. denied, 396 U.S. 957, 90 S.Ct. 430, 24 L.Ed.2d 422 (1969); Eustis v. United States, 409 F.2d 228 (9th Cir. 1969); Edwards v. United States, 375 F.2d 862 (9th Cir. 1967); Martin v. United States, 317 F.2d 753 (9th Cir. 1963); Abdul v. United States, 254 F.2d 292 (9th Cir. 1958).

Abdul v. United States, 254 F.2d 292, 293 (9th Cir. 1958), best highlights the distinction drawn under the tax statutes between felonies and misdemeanors:

> "The meaning of the word 'wilfully' as used in the tax statutes has been considered in a number of cases and seems to have come to rest in this Circuit, as well as others, as meaning with respect to felonies, 'with a bad purpose or evil motive.' But the meaning of the word 'wilfully' as used in the statute defining a misdemeanor has not as yet reached such repose." (citations omitted.)

See also, United States v. Murdock, 290 U.S. 389, 396, 54 S.Ct. 223, 78 L.Ed. 381 (1933).

The court instructed the jury in Abdul v. United States, 254 F.2d at 294, with the following definitions of wilfulness:

> "The word 'wilful' as used in [the misdemeanor] counts * * *, that is, failing to make a tax return, means with a bad purpose *or without grounds for believing that one's act is lawful or without reasonable cause, or capriciously or with a careless disregard whether one has the right so to act.* The word 'wilful' as used in the [felony] counts * * * that is, in failing to truthfully account for and pay over the taxes, means with knowledge of one's obligation to pay the taxes due and with intent to defraud the Government of that tax by any affirmative conduct. Further, with respect to these counts, wilfulness implies bad faith and an evil motive." (Emphasis added.)

These extended instructions in *Abdul* were intended to clarify the meaning of "wilful" in the misdemeanor counts, under Sections 7203 and 7207.

Both Sections 7206(1) and 7207 apply to the filing of false and fraudulent returns. Sansone v. United States, 380 U.S. 343, 347–349, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). Violation of Section 7207 is a misdemeanor, whereas violation of Section 7206(1) is a felony. Under the evidence presented the elements of the two offenses are the same, with the exception of the element of wilfulness.[3] Following *Abdul* "wilful-

---

ten declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

  *   *   *   *   *

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

3. Section 7206(1) contains the added element of subscription under "penalties of perjury," which Section 7207 does not. However, where an individual income tax return is filed, Section 6065(a), in conjunction with Treas.Reg. § 1.6065–1(a), 26 C.F.R., imposes this element under Section 7207 by operation of law.

ness", within the meaning of Section 7206(1), requires proof of an evil motive and bad faith. Evidence under Section 7207 need only show unreasonable, capricious, or careless disregard for the truth or falsity of income tax returns filed.

■ Under the circumstances of this case it was error to reject an instruction embodying Section 7207, as a lesser included offense. Since this case will be remanded for retrial it is not necessary to determine the merits of the second and third assignments of error.

Reversed and remanded for a new trial in accordance with this opinion.