**UNITED STATES of America, Appellee,**

**v.**

**Edwin H. FRITZ, Appellant.**

**No. 72–1937.**

United States Court of Appeals, Ninth Circuit.

July 3, 1973.

Ward S. Johnson (argued), Sheldon Green, of Green & Green, Phoenix, Ariz., for appellant.

Morton Sitver, Asst. U. S. Atty. (argued); William C. Smitherman, U. S. Atty., Phoenix, Ariz., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Appellant, Edwin H. Fritz, a certified public accountant, was convicted on two counts of violation of 26 U.S.C. § 7206 (1) [1] in willfully subscribing to false in-

---

* Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

1. Section 7206(1) provides in pertinent part:
   "Any person who—(1) Willfully makes and subscribes any return, state-

come tax returns for 1964 and 1965. He contends that the district court erred in (1) failing to instruct the jury on a lesser-included-offense under § 7207 and (2) rejecting testimony concerning possible adjustments in his 1965 tax return.

In contending that the court on its own motion should have given a lesser-included-offense instruction directed to § 7207 (furnishing false or fraudulent information), a misdemeanor statute, appellant relied on United States v. Bishop, 455 F.2d 612 (9 Cir. 1972), holding that the trial court erred in refusing an offered instruction on lesser-included-offense with respect to the same statutes.

■ This case was argued on October 6, 1972. On October 10 certiorari was granted in United States v. Bishop. Thereupon an order was entered deferring submission of this case until the Supreme Court acted on *Bishop.* On May 29, 1973 the Supreme Court reversed *Bishop,* holding that the district court had properly refused the lesser-included-offense instruction.[2]

■ The offered exhibits and supporting expert testimony relating to adjustments which would have affected appellant's tax liability for 1965 were properly rejected by the trial court as speculation, "reconstructed for purposes of litigation, without \* \* \* any receipts, records or anything to back them up." There was no testimony that the appellant considered making the proposed adjustments when he filed his tax return for 1965. The offered proof under these circumstances was not relevant to the issue of willfullness in subscribing to a false return. See Schepps v. United States, 395 F.2d 749 (5 Cir. 1968), cert. denied, 393 U.S. 925, 89 S.Ct. 256, 21 L.Ed.2d 261.[3]

Affirmed.

---

ment, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter ; \* \* \* shall be guilty of a felony \* \* \*."

2. This disposes of appellant's first claim of error, and it is unnecessary to consider the effect of appellant's failure to offer the lesser-included-offense instruction.

3. The cases cited by appellant, United States v. Moody, 339 F.2d 161 (6 Cir. 1964), and Koontz v. United States, 277 F.2d 53 (5 Cir. 1960), involved charges of income tax evasion, where evidence relating to the amount of the tax liability was clearly relevant.