UNITED STATES of America, Plaintiff-Appellee,

v.

Hartle M. BOWNESS, Defendant-Appellant.

No. 72–2160.

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1974.

Rehearing Denied March 4, 1975.

Kenneth G. Anderson, Jacksonville, Fla., James A. Moreland, Winter Park, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Atty., Douglas E. McKinley, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

Before WISDOM, BELL and COLEMAN, Circuit Judges.

PER CURIAM:

This appeal is from a judgment adjudicating the defendant guilty on three counts under Section 7201 of the Internal Revenue Code of 1954.

Chapter 75, subchapter A, of the Internal Revenue Code of 1954, as amended, 26 U.S.C. §§ 7201–7241, is concerned with tax crimes. Sections 7201–7207, inclusive, which in the aggregate relate to attempts to evade or defeat tax, to failures to act, and to fraud, all include the word "willfully" in their respective contexts. Specifically, Section 7201 is a felony statute and reads:

> § 7201. Attempt to evade or defeat tax
>
> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

Section 7207 is a misdemeanor statute and reads:

> "7207. Fraudulent returns, statements, or other documents
>
> "Any person who willfully delivers or discloses to the Secretary or his delegate any list, return, account, statement, or other document, known by him to be fraudulent or to be false as to any material matter, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both. . . ."

The defendant-appellant, Hartle M. Bowness, contends that the wilfulness specified by the felony statute (§ 7201) means "bad or evil motive" but in the misdemeanor statute (§ 7207) means only "without grounds for believing that [the acts] were lawful or without care, or capriciously or with a careless disregard whether one has the right to so act". Bowness argues therefore that the district court erred in refusing to instruct the jury that the offense charged in section 7207 is a lesser included offense. In the district court and on appeal he relied on United States v. Bishop, 9 Cir. 1972, 455 F.2d 612, in which the defendant made the same contention with respect to sections 7206 and 7207 as Bowness makes with respect to sections 7201 and 7207. The Ninth Circuit's holding in *Bishop* is contrary to this Court's holding in Escobar v. United States, 5 Cir. 1967, 388 F.2d 661, cert. denied, 390 U.S. 1024, 88 S.Ct. 1141, 20 L.Ed.2d 282.

The Supreme Court has reversed *Bishop,* holding that the word "willfully" has the same meaning in §§ 7206(1) and 7207, connoting the voluntary, intentional violation of a known legal duty, and the distinction between the statutes is found in the additional misconduct that is essential to the violation of the felony provision; hence, the District Court properly refused the requested lesser-included-offense instruction based on respondent's erroneous contention that the word "willfully" in the misdemeanor statute implied less scienter than the same word in the felony statute. United States v. Bishop, 1973, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941.

*Bishop* disposes of the only substantial contention Bowness raises on appeal. We have, however, considered the appellant's other contentions. We hold that they have no merit.

Affirmed.