UNITED STATES of America,
Plaintiff-Appellee,

v.

Lewis E. JOHNSON,
Defendant-Appellant.

No. 76-2447.

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1977.

Rehearing and Rehearing En Banc
Denied Oct. 17, 1977.

---

James A. McPherson, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Cornelius R. Heusel, Robert N. Habans, Jr., Asst. U. S. Attys., New Orleans, La., Stephen A. Mayo, Asst. U. S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before WISDOM, SIMPSON and TJOFLAT, Circuit Judges.

SIMPSON, Circuit Judge:

Lewis E. Johnson was convicted on three counts of making and subscribing false and fraudulent corporate income tax returns for two corporations which he controlled. Title 26 U.S.C. § 7206(1) (1970). In appealing his conviction he has raised 14 arguments in favor of reversal. We find none of them meritorious and affirm. Two of the points raised on appeal warrant comment.

Both the original indictment and a superseding indictment to which Johnson pleaded not guilty and went to trial contained seven counts charging violations of law as to income taxes. Counts I and III charged him with income tax evasion on his Individual Income Tax Returns, Forms 1040, for calendar years 1971 and 1972, in violation of Title 26, U.S.C. § 7201. Counts II and IV charged him with making false and fraudulent statements on his Individual Income Tax Returns for the same years, in violation of Title 26, U.S.C. § 7206(1). Counts V, VI and VII, on which Johnson was convicted, charged him with making and subscribing false and fraudulent corporate income tax returns, of corporations controlled by him, in violation of Title 26, U.S.C. § 7206(1). Prior to trial, on motion of the United States, the district court dismissed Counts I, II and III, thus removing the issue of tax evasion from the trial. The jury acquitted appellant as to Count IV.

Many of Johnson's objections to the fairness of his trial stem from the dismissal of the tax evasion charges because, he contends, he was thereby prevented from introducing evidence to establish that, during the period in question, he actually overpaid his taxes by neglecting to make permissible deductions. Because he was tried only for wilfully making false statements on his and his corporations' tax returns, his tax liability or overpayment was irrelevant. Johnson maintains that he was prejudiced because evidence submitted by the government led the jury to believe that he had underpaid his taxes and the trial judge would not allow him to counter this suggestion.

The irrelevancy of Johnson's alleged overpayment of tax to any issue at his trial is firmly established by cases in this and other Circuits. We held the following in *Schepps v. United States*, 395 F.2d 749 (5th Cir. 1968), cert. denied, 393 U.S. 925, 89 S.Ct. 256, 21 L.Ed.2d 261:

> The appellant has been found guilty, in two counts, of violating 26 U.S.C., § 7206(1), wilfully making and subscribing a federal income tax return which he did not believe to be true and correct as to every material matter. That the return was false in certain particulars is not disputed. Although not charged with nor being tried for income tax evasion, appellant says that he should have been allowed to introduce proof showing that the falsity resulted in no tax deficiency. This proof was not relevant to the issue raised by the indictment and it was not error to reject it, *Siravo v. United States*, 1 Cir., 1967, 377 F.2d 469; *Silverstein v. United States*, 1 Cir., 1967, 377 F.2d 269; *Hoover v. United States*, 5 Cir., 1966, 358 F.2d 87, 89, cert. denied, 385 U.S. 822, 87 S.Ct. 50, 17 L.Ed.2d 59.

See also *United States v. Fritz*, 481 F.2d 644 (9th Cir. 1973); *United States v. Jernigan*, 411 F.2d 471 (5th Cir. 1969), cert. denied, 396 U.S. 927, 90 S.Ct. 262, 24 L.Ed.2d 225.

These precedents notwithstanding, Johnson raises two objections to the district court's refusal to allow evidence of income tax overpayment. First, Johnson contends that such evidence was relevant in his case to the issue of whether he in good faith relied on his accountants properly to compute and classify reportable items of income and expense. He argues that:

> Had the appellant not left the accounting procedures to his accountants and trusted their computations, surely some of the deductible items which would have reduced Appellant's tax liability would have been picked up by him when he examined his returns.

Brief for Appellant at 39.

We agree that the failure to make permissible deductions, resulting in a tax overpayment, logically tends to prove reliance on the integrity and expertise of one's accountants. Although this evidence might

thus have aided the reliance aspect of Johnson's defense, it could have had no appreciable impact on the case as a whole because much of the prosecution's evidence demonstrated that Johnson withheld relevant information from his accountants. Under these circumstances, Johnson's alleged reliance on his accountants is irrelevant. Cf. *United States v. Signer*, 482 F.2d 394, 398 (6th Cir. 1973).

■ Even if we assume that reliance evidence is logically relevant to any issue in the case, our inquiry cannot end there. Under Federal Rule of Evidence 403, admissibility is predicated on more than mere logical relevance:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In determining legal relevance, the trial judge has broad discretion. *United States v. Moore*, 522 F.2d 1068, 1079 (9th Cir. 1975), cert. denied, 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976). We may not disturb his ruling unless he has clearly abused his discretion. *United States v. Dwyer*, 539 F.2d 924, 927 (2d Cir. 1976).

No showing of abuse of discretion has been made here. Where reliance on the accountants was relevant, the district court allowed direct evidence on that point. Because it depends on a series of inferences, however, evidence of neglected deductions is only indirectly probative of reliance. Moreover, it carries several risks against which Rule 403 was designed to protect. It could have resulted in unfair prejudice to the government's case by appealing to the emotions of the jury. Indeed, the conduct of Johnson's counsel during the trial made this no small concern of the district court.[1]

---

1. The district court repeatedly admonished Johnson's counsel for appealing to the sympa-

thy of the jury in a manner unrelated to the merits of the case. The Court at one point

Also, the danger of confusing the issues was great because tax liability was irrelevant to the offenses for which Johnson was tried. Finally, presenting evidence of overpayment could have resulted in a waste of time on collateral issues. See 1st Supp.Record, Vol. III, at 308. We conclude that the district court properly excluded evidence of neglected tax deductions.

■ Johnson's second contention in this regard is that the district court erred in overruling his motion for a mistrial when the prosecutor, in his closing argument, implied a tax liability on Johnson's part. Specifically, Johnson objected to the prosecutor's statements that improper business deductions were made "at the expense of the taxpayers of this country". See Tr.Pros. Arg. at 22. We do not agree that this expression implies a tax liability. But, however it is interpreted, any prejudicial effect that it might have had was cured by the district court's instruction to the jury: whether "a tax is due or owing by the

defendant is immaterial to the charges before you in this case". The instruction continued:

> Accordingly, whether the Government has or has not suffered a pecuniary or monetary loss as a result of the alleged false return is not relevant and need not be considered by you in your deliberation.[2]

We have carefully examined Johnson's 12 other allegations of error and find them to be without merit.[3]

During oral argument, counsel for appellant stressed *United States v. Schilleci*, 545 F.2d 519 (5th Cir. 1977) as his strongest point. In *Schilleci* we held that, on the "unique factual situation presented", the combined effect of several errors required reversal of the convictions, even though none of the errors standing alone constituted grounds for reversal. *Id.* at 526. Because we have found no error in the instant case, *Schilleci*, with its emphasis on cumulative error, is not pertinent.

sustained an objection to an attempt to elicit from Mr. Johnson information about his contributions to a religious school: "Counsel, I think you well know that attempts to evoke sympathy on the basis of religious activities is wholly improper to the merits of this case. You have repeatedly gone into this, notwithstanding the Court's rulings.". 1st Supp.Record Vol. IV, at 251. In his closing argument, Johnson's counsel noted that his client had gone to war for his government, "subjected himself to the enemy's bullets", and that now the same government had turned his life "into a nightmare". *Id.*, Vol. V, at 46. The district court was moved to comment to Johnson's counsel: "you were able to turn tears on and off like a faucet during your closing argument . . . if there can be such a thing as erudition in tears, you certainly displayed it". *Id.* at 163, 165. This comment occurred during the argument of post-trial motions, and thus *not* in the jury's presence.

2. 1st Supp.Record, Vol. V, at 103. We note also that in his closing argument Johnson's counsel stated: "But bear in mind, this case is not about any taxes that are alleged to be due by Mr. Johnson. No claim, you read these indictments, there is no claim for any amount of taxes". *Id.* at 41.

3. These assignments of error are as follows: (1) The trial court denied appellant's motion for pretrial discovery of corporate employees' and fiduciaries' grand jury testimony; (2) The trial

court denied appellant's motion to dismiss the superseding indictment; (3) The trial court denied appellant's motion for a temporary restraining order and permanent injunction against conducting an I.R.S. survey of prospective jurors; (4) The trial court denied appellant's motion to quash the general venire, to dismiss the indictment, and to proffer evidence in support of the motion [We had already decided this issue in *United States v. Horton*, 526 F.2d 884 (5th Cir. 1976) cert. denied, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81]; (5) The trial court admitted evidence of acts outside the scope of the period in the indictment to prove system, pattern, motive, and intent; (6) The trial court allowed the jury to use a transcript of a tape recorded conversation for purposes of identifying speakers, not as evidence [We note that the procedure adopted by the trial court amply satisfied the requirements set out in *United States v. Onori*, 535 F.2d 938 (5th Cir. 1976)]; (7) The trial court allowed the entire tape recording to be played for the jury; (8) The trial court admitted two certified newspaper clippings to establish that certain events had occurred; (9) The trial court restricted cross-examination of government witnesses to matters within the scope of direct; (10) The trial court allowed the government to present evidence through a summary witness; (11) The trial court restricted cross-examination of the summary witness; (12) The trial court overruled appellant's motion for a new trial.

The judgment of conviction appealed from is

AFFIRMED.