# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR A. LOCKETT, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CR-12

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edgar A. Lockett, Jr. was convicted by a jury of six counts of income tax evasion. He appeals his conviction, raising five issues.

First, Lockett contends that the district court erred by overruling his objections to the admission of government exhibits 1-1 through 1-22 and the testimony of Ramon Hernandez, an IRS records custodian, relating to those exhibits. We review the district court's evidentiary ruling for an abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion. *See United States v. Lopez-Moreno*, 420 F.3d 420, 434 (5th Cir. 2005).

Government exhibits 1-1 through 1-22 consisted of certified account transcripts from Lockett's IRS account for years 1989 through 2010. The account transcripts were printouts derived from Lockett's Individual Master File (IMF) with the IRS, a permanent computerized record of Lockett's IRS account which itself was not introduced into evidence. Lockett argues that the account transcripts were inadmissible because they were produced for purposes of litigation and contained information that was not present in the IMF.

"Under [Federal Rule of Evidence] 803(8), records, including computer records, made by a public agency are admissible, regardless of whether they would otherwise be excluded as hearsay." *Lopez-Moreno*, 420 F.3d at 436. "The relevant inquiry under Rule 803(8) is whether the information was *recorded* by a public official as part of a routine procedure in a non-adversarial setting." *United States v. Puente*, 826 F.2d 1415, 1418 (5th Cir. 1987).

Hernandez's testimony established that the account transcripts reflected information that was previously recorded in Lockett's IMF in the course of the IRS's regular, ongoing collection of data about Lockett. Accordingly, the fact that the information was later retrieved and printed out for Lockett's trial in the form of the account transcripts does not disqualify the information under Rule 803(8). *See id.* Furthermore, the account transcripts were not rendered inadmissible because they differed slightly in format from the IMF by containing automatically decoded literal terms in addition to the numerical codes used in the IMF. *See United States v. Sanders*, 749 F.2d 195, 197–99 (5th Cir. 1984). Lockett has not shown an abuse of discretion regarding this issue.

No. 14-10105

Lockett next challenges the admission of Government exhibits 1-43 and 1-44, which were IRS notices of deficiency pertaining to years 2000 through 2005. Lockett argues that the notices were not certified, as required for self-authenticating documents under Federal Rule of Evidence 902, and that the Government failed to authenticate the notices through proof that they were actually mailed to his last known address, as required for the notices to be effective under the Internal Revenue Code, 26 U.S.C. §§ 6212 and 6213. Plain error review applies to this argument because Lockett did not raise it in the district court. *See United States v. Baker*, 538 F.3d 324, 331 (5th Cir. 2008).[1]

Although exhibits 1-43 and 1-44 were not self-authenticating, the standard for authentication is not burdensome and merely requires evidence that is sufficient to support a finding that the item in question is what its proponent claims it to be. *United States v. Jackson*, 636 F.3d 687, 693 (5th Cir. 2011); *see* FED. R. EVID. 901(a). "A proponent may authenticate a document with circumstantial evidence, including the document's own distinctive characteristics and the circumstances surrounding its discovery." *Jackson*, 636 F.3d at 693 (internal quotation marks and citation omitted).

Lockett has not demonstrated an abuse of discretion, much less plain error, regarding the authentication of exhibits 1-43 and 1-44. Hernandez testified that the exhibits appeared to be original, real IRS notices of deficiency based on his training regarding such notices, and Timothy Quinn, the IRS case agent for Lockett's case, testified that the notices were created by a revenue agent from information in the revenue agent's file. The notices also utilized IRS forms and contained figures that were corroborated by the account transcripts in Government exhibits 1-12 through 1-17, which were certified as

---

[1] Lockett did object to these exhibits' admission, but only on hearsay grounds, which he does not pursue on appeal.

official IRS records.  Accordingly, there was sufficient evidence to authenticate exhibits 1-43 and 1-44.  Further, Lockett's contention that the notices were sent to the wrong address is unavailing, as Lockett himself testified that the notices contained his correct mailing addresses.

Third, Lockett argues that the district court erred in denying his motion for a judgment of acquittal on Count 1, which charged income tax evasion for years 2000 through 2005.  Lockett contends that there was insufficient proof that he had a tax deficiency during those years.  *See United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009) (recognizing that existence of a tax deficiency is one of the three elements of income tax evasion).

The district court's denial of Lockett's motion for a judgment of acquittal is reviewed de novo.  *See United States v. Xu*, 599 F.3d 452, 453 (5th Cir. 2010). The relevant question is "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The account transcripts and notices of deficiency in government exhibits 1-12 through 1-17 and 1-43 through 1-44 indicated that Lockett had a tax deficiency for 2000 through 2005, and Lockett's own testimony showed that he had income but did not pay income tax for those years.  Based on that evidence, a reasonable factfinder could have found beyond a reasonable doubt that Lockett had a tax deficiency in 2000 through 2005.  *See id.* at 453.  Lockett's challenge to the denial of his motion for a judgment of acquittal on Count 1 is unavailing.

Fourth, Lockett argues that the district court erred in refusing his proposed instruction distinguishing between acts of omission that would not support a felony conviction for income tax evasion and acts of commission that

4

would.    We review the district court's exclusion of Lockett's requested instruction "under an abuse of discretion standard, affording the trial court substantial latitude in describing the law to the jurors." *United States v. Rios*, 636 F.3d 168, 171 (5th Cir. 2011) (internal quotation marks and citation omitted).   Reversal based on a district court's refusal to give a jury instruction "is not warranted unless the proposed instruction (1) is substantially correct, (2) is not substantively covered in the jury charge, and (3) pertains to an important issue in the trial, such that failure to give it seriously impairs the presentation of an effective defense." *United States v. Heard*, 709 F.3d 413, 427 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 134 S. Ct. 470 (2013).

The district court instructed the jury on the specific affirmative acts the government was required to prove beyond a reasonable doubt in order to convict Lockett of income tax evasion.  Thus, the jury charge made clear that acts of omission were insufficient to satisfy the government's burden.  Because Lockett's requested instruction was substantively covered by the jury charge, he has not shown an abuse of discretion regarding this issue.  *See id.*  While Lockett further asserts that the jury could have misinterpreted language in the indictment as allowing a conviction for income tax evasion based on an act of omission, his assertion is insufficient to rebut the presumption that jurors understand and follow their instructions.  *See United States v. Patino-Prado*, 533 F.3d 304, 313 (5th Cir. 2008).

Finally, Lockett argues that the district court's jury instruction on the definition of reasonable doubt was constitutionally deficient.  According to Lockett, the district court should have instructed the jury that reasonable doubt equated to "near certainty," a notion set forth in his requested jury instructions.  The district court's instruction on reasonable doubt tracked this

circuit's pattern instruction, which this court has previously upheld in the face of a similar challenge. *See United States v. Jones*, 663 F.2d 567, 571 (5th Cir. 1981). As Lockett concedes, his argument is foreclosed by this court's precedent. *See id.*

The judgment of the district court is AFFIRMED.