# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51338
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR ANTOLIK, also known as Victor John Antolik,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CR-356-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Antolik appeals his jury trial conviction and sentence for making and subscribing false tax returns, in violation of 26 U.S.C. § 7206(1), and for corruptly endeavoring to obstruct the Internal Revenue Service (IRS), in violation of 26 U.S.C. § 7212(a). He argues that the district court abused its discretion in excluding revised tax returns for the tax years at issue that were prepared prior to trial, and that this exclusion violated his right to present a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complete defense.  He also contends that the district court erred by refusing to give two proposed jury instructions.  Finally, he argues that the order of restitution was improperly imposed.

This court reviews alleged violations of the Sixth Amendment right to present a complete defense de novo, subject to review for harmless error. *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008).  A district court's rulings on the admissibility of evidence, however, are reviewed for abuse of discretion.  *United States v. DeLeon*, 170 F.3d 494, 497 (5th Cir. 1999).  Here, the district court did not abuse its discretion in excluding the revised tax returns.  This court has held that evidence of tax liability, while holding some logical relevance, is not legally relevant to a prosecution under § 7206(1).  *See United States v. Johnson*, 558 F.2d 744, 745-46 (5th Cir. 1977).  Although there is a right to present a defense, "a criminal defendant has no right to present irrelevant testimony."  *United States v. Flores-Martinez*, 677 F.3d 699, 709 n.5 (5th Cir. 2012); *see also Holmes v. South Carolina*, 547 U.S. 319, 327 (2006).  Even assuming the marginal legal relevance of returns, "a court could reasonably find that other factors outweighed its probative value."  *See United States v. Loe*, 248 F.3d 449, 469 (5th Cir. 2001).  The district court did not abuse its discretion, and Antolik's right to present a complete defense was not violated.

Antolik's arguments concerning his proposed jury instructions are unavailing.  First, we have repeatedly affirmed the use of the pattern instruction for reasonable doubt and rejected challenges based on the notion that juries should be instructed to equate reasonable doubt to "near certainty." *See United States v. Lockett*, 601 F. App'x 325, 329 (5th Cir. 2015) (citing *United States v. Jones*, 663 F.2d 567, 571 (5th Cir. 1981)).  "[A] district court does not err by giving a charge that tracks this Circuit's pattern jury

No. 16-51338

instructions and that is a correct statement of the law." *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009); *accord Skelton*, 514 F.3d at 446. As to Antolik's second challenge, he fails to demonstrate that his other proposed instruction is a correct statement of the law, and so the district court's refusal to include the instruction was not an abuse of discretion. *United States v. Bowen*, 818 F.3d 179, 188 (5th Cir.), *cert. denied*, 136 S. Ct. 2477 (2016); *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011).

Finally, Antolik's last point of error also fails, as any ambiguity in the district court's oral pronouncement at sentencing was clarified by the written judgment. *See United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). The written judgment correctly stated that the restitution order was only part of Antolik's supervised release. *See United States v. Westbrooks*, 858 F.3d 317, 327 (5th Cir. 2017), *petition for cert. filed* (July 6, 2017) (17-5112).

AFFIRMED.