# United States Court of Appeals
# for the Fifth Circuit

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2024

Lyle W. Cayce
Clerk

No. 23-10551
Summary Calendar

———————————

Dennis J. Chaisson; Lisa M. Bulthaup, *Husband and Wife, each Individually and the Marital Community Comprised Thereof*,

*Plaintiffs—Appellants*,

*versus*

United States of America,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-540

_____

Before Davis, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs-Appellants, Dennis J. Chaisson and Lisa M. Bulthaup, appeal the district court's dismissal of their complaint for lack of subject-matter jurisdiction and the court's subsequent denial of their motion for reconsideration. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10551

## I.

Plaintiffs filed their 2018 tax return over six months after the April 15, 2019 deadline.  After processing Plaintiffs' 2018 return, the Internal Revenue Service ("IRS") assessed Plaintiffs $777,393 in income tax, as well as the following penalties: $149,366.70 for failing to file a timely tax return, $7,415.56 for late payment of the tax, and $13,365.74 for failing to pay their estimated taxes.  The IRS also assessed $10,272.90 in interest on Plaintiffs' late payment of the tax.

Plaintiffs allege that they filed an IRS Form 843, "Claim for Refund and Request for Abatement," seeking "a refund of the IRS penalty." Plaintiffs further allege that in response to their refund claim, the IRS sent them a letter dated February 27, 2020, indicating that they would not grant the refund request.  On March 16, 2020, Plaintiffs' counsel sent a letter to the IRS, to which Plaintiffs contend the IRS never replied.  After more than six months had passed without a response from the IRS, Plaintiffs filed the present suit seeking the "recovery of taxes, penalties, and interest assessed by the IRS."

The United States moved to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction on the ground of sovereign immunity because Plaintiffs had not fully paid their IRS-assessed liability before filing suit.  As evidence of the lack of payment, the United States attached to its motion the following: (1) Plaintiffs' "Internal Revenue Form 1040 Account Transcript" ("Account Transcript") for the tax year ending in 2018; and (2) the declaration of Stephanie J. Rakoski, an attorney in the IRS's Office of Chief Counsel, to authenticate the Account Transcript and to provide a foundation for its admissibility.

The district court granted the United States' motion to dismiss after reviewing the Account Transcript and finding that it showed Plaintiffs owed

the IRS approximately $75,000 for the tax year ending on December 31, 2018. Plaintiffs timely moved to alter or amend the district court's judgment under Federal Rules of Civil Procedure 59(e) and 60(b)(6). The district court denied Plaintiffs' motion. Plaintiffs timely appealed the district court's 12(b)(1) dismissal and the denial of their motion to alter or amend the judgment.

## II.

## A.

Plaintiffs first challenge the 12(b)(1) dismissal of their complaint for lack of subject-matter jurisdiction. "We review questions of subject matter jurisdiction, including sovereign immunity determinations, de novo."[1] "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[2] A "guiding principle is that waivers of sovereign immunity should be narrowly construed in favor of the United States."[3]

Federal district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-

---

[1] *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020) (citing *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)).

[2] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (cleaned up) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

[3] *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006) (citing *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34–35 (1992)).

revenue laws."[4]  However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions."[5]  As relevant here, one of those conditions is the full-payment rule, which "requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."[6]  Put differently, a taxpayer must "pay first and litigate later."[7]

As explained by the district court, a motion to dismiss for lack of subject-matter jurisdiction may be either "facial" or "factual."[8]  A motion to dismiss is "factual" if "the defendant submits affidavits, testimony, or other evidentiary materials."[9]  Here, the United States brought a factual attack on Plaintiffs' complaint by introducing the Account Transcript.  In order to defeat this factual attack, Plaintiffs "must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof."[10]

---

[4] 28 U.S.C. § 1346(a)(1).

[5] *United States v. Dalm*, 494 U.S. 596, 601–03 (1990) (citing 26 U.S.C. §§ 7422(a), 6511(a)).

[6] *Flora v. United States*, 362 U.S. 145, 177 (1960); *see also Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994) (per curiam) ("Section 1346 operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits only when the taxpayer has fully paid the tax and filed an administrative claim for a refund.").

[7] *Flora*, 362 U.S. at 164.

[8] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[9] *Id.*

[10] *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (internal quotation marks and citations omitted).

No. 23-10551

As an initial matter, Plaintiffs assert that the district court had subject-matter jurisdiction under 26 U.S.C. § 6532(a)(1) regardless of whether they complied with the full-payment rule. Section 6532(a)(1) states that a taxpayer may not bring a refund suit under § 7422(a) until either "the expiration of 6 months from the date of filing the claim" or the IRS "renders a decision thereon within that time."[11] But the fact that Plaintiffs brought this suit within the limitations period set forth in § 6532(a)(1) does not eliminate the need to comply with § 7422(a)'s prerequisites to suit, including the full-payment rule. Thus, the question is whether Plaintiffs have satisfied this jurisdictional prerequisite.

Plaintiffs next take issue with the district court's reliance on the Account Transcript as evidence that they had not fully paid their 2018 tax liabilities before filing suit. Specifically, Plaintiffs assert that the Account Transcript is inadmissible hearsay evidence that the district court improperly considered on a motion to dismiss. Both of these contentions fail. As noted above, in considering a motion to dismiss based on a factual challenge to subject-matter jurisdiction, the court is free to consider matters outside of the pleadings, such as affidavits and testimony. Additionally, under our abuse of discretion standard of review for evidentiary rulings,[12] we find no abuse of discretion in the district court's admission of the Account

---

[11] 26 U.S.C. § 6532(a)(1).

[12] *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 807–08 (5th Cir. 2017) (citation omitted).

No. 23-10551

Transcript under the business-records[13] and public-records exceptions[14] to the hearsay rule.

In the alternative, Plaintiffs contend that the Account Transcript "can be construed" to show they satisfied the full-payment rule for the assessment they seek to recover. Plaintiffs point to the fact that as of the date of the missed filing deadline, April 15, 2019, they had a "credit" in their account. But Plaintiffs' account credit as of April 15, 2019, is irrelevant because subject-matter jurisdiction is determined at the time the complaint is filed, which in this case was on March 7, 2022.[15] And, at the time Plaintiffs filed their complaint, the district court determined that the Account Transcript showed they owed approximately $75,000 for the 2018 tax year.

Although Plaintiffs "do not concede the accuracy" of the Account Transcript, they contend for the first time in their reply brief that even if they did owe $75,000 at the time suit was filed, that amount was "entirely comprised of penalties, and not principal taxes owed." Relying on *Shore v.*

---

[13] *See* FED. R. EVID. 803(6). The declaration attached to the Account Transcript provided that Plaintiffs' Account Transcript was made by a person with knowledge of the events, was kept in the ordinary course of business, and that it was regular practice of the IRS to keep such records. Accordingly, the declaration laid a proper foundation for the admission of the Account Transcript. *See United States v. Hayes*, 861 F.2d 1225, 1228 (10th Cir. 1988) (holding that tax records were admissible under Rule 803(6) based on representations by an IRS employee that the records were "kept in the ordinary course of business and that it was the regular practice of the I.R.S. to keep such records").

[14] *See* FED. R. EVID. 803(8); *see also United States v. Lockett*, 601 F. App'x 325, 327 (5th Cir. 2015) (per curiam) (unpublished) (holding that certified account transcripts from the IRS satisfied the public-records exception to hearsay). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[15] *Carney v. Resol. Tr. Corp.*, 19 F.3d 950, 954 (5th Cir. 1994) (citations omitted).

No. 23-10551

*United States*,[16] Plaintiffs thus contend that they have satisfied the full-payment rule because it only requires the payment of the underlying tax and not the penalties or interest. However, "this court will not consider issues raised for the first time in a reply brief."[17]

In short, although Plaintiffs assert that they complied with the full-payment rule, they have failed to proffer any evidence of additional payments not listed on the Account Transcript or otherwise rebut the accuracy of the Account Transcript. And, as acknowledged by the district court, "plaintiffs would be the only persons to have evidence of whether they made more payments on their account than shown on the IRS transcript." Given that there is no indication in the record that Plaintiffs have complied with the full-payment prerequisite, the district court correctly dismissed the case for lack of subject-matter jurisdiction.

**B.**

Plaintiffs additionally challenge the district court's denial of their motion to alter or amend the judgment.[18] We review the denial of a Rule

---

[16] 9 F.3d 1524, 1527 (Fed. Cir. 1993) (concluding that the district court had subject-matter jurisdiction under the *Flora* full-payment rule because although the plaintiffs had not paid the interest and penalty portions of the assessment, they had fully paid their tax liability and the "the issues of interest and penalties were not before the court").

[17] *Wright v. Excel Paralubes*, 807 F.3d 730, 736 (5th Cir. 2015) (citation omitted).

[18] A motion for reconsideration "may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted). If the motion "is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Id.* (citation omitted). Here, Plaintiffs filed their motion within ten days of the district court's judgment. Accordingly, we treat it as a Rule 59(e) motion.

No. 23-10551

59(e) motion for abuse of discretion.[19]

The district court denied the motion to alter or amend its judgment because Plaintiffs had failed to establish any of the three grounds for granting such a motion, including: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."[20] On appeal, Plaintiffs argue the court erred in denying the motion because "it misconstrued the information stated on the IRS Account Transcript" which resulted in a manifest injustice. However, for the reasons stated above, we find no error in the district court's reliance or interpretation of the Account Transcript, and therefore conclude the district court did not abuse its discretion in denying relief to Plaintiffs under Rule 59(e).

## III.

For the reasons above, the district court's judgment is AFFIRMED.

---

[19] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted).

[20] *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).