Original,
No. 4588.

BARNARD'S CASE.

Argued May 8, 1957.

Decided May 8, 1957.

*J. Leonard Sweeney*, pro se and *Louis C. Wyman*, Attorney General (*Mr. Sweeney* and *Mr. Wyman* orally), for the petitioner.

*Sheehan, Phinney, Bass, Green & Bergevin* (*Mr. Bergevin* orally), for the respondent.

KENISON, C. J. This court has the inherent power to take reasonable and expeditious action in the suspension or removal of members of the bar for the protection of the community. *Harrington's Case*, 100 N. H. 243, 244; *Ricker's Petition*, 66 N. H. 207, 211. In the exercise of this power this court has the obligation to make appropriate disciplinary orders "for the protection of the public, as well as for the maintenance of public confidence in the bar as a whole." *Welanko's Case*, 99 N. H. 413, 414.

Although the respondent is presumed innocent until he has been proved guilty of the criminal charges pending against him, his right to continue the practice of law in the interim is not in the public interest. *Delano's Case*, 58 N. H. 5, 6; *Moore's Case*, 98 N. H. 324, 327; anno. 76 A. L. R. 674. While the respondent indicates that he will not practice law during that time, the public is entitled to an order that he shall not. Accordingly, the respondent is immediately and indefinitely suspended from the practice of law pending further order of this court and the prayer of the petition for disbarment (RSA 311:8) will be held in abeyance pending final adjudication of the criminal charges against him.

*So ordered.*

All concurred.