Personnel Commission
No. 7324

ROBERT G. BERNIER

v.

MAJOR WHEELOCK, SUPERINTENDENT,
NEW HAMPSHIRE HOSPITAL

October 29, 1976

*Vincent J. Nardi II* and *Arthur E. Robbins* for the plaintiff.

*David H. Souter,* attorney general, and *Edward A. Haffer,* assistant attorney general, for the defendant.

GRIFFITH, J.    Appeal under RSA ch. 541 seeking review of the State personnel commission's affirmation of the decision by State Hospital Superintendent Wheelock that the plaintiff be suspended from his position as psychiatric aide at the State hospital.

On April 1, 1975, a Merrimack County grand jury handed down two indictments against the plaintiff for alleged violations of RSA 637:3 (Theft by Unauthorized Taking). On April 10, 1975, the Governor and Council voted to direct the State hospital superintendent to suspend the plaintiff without prejudice, pending judicial disposition of the charges against him. The superintendent complied, and on April 17, 1975, the plaintiff appealed the decision to the personnel commission. At the hearing, in addition to the indictments, evidence was presented that in 1974 the plaintiff had been charged with the mishandling of patients' funds, and had received a five-month suspension and a disciplinary warning therefor. The commission rejected the plaintiff's appeal, stating:

> "The Commission is of the opinion that Mr. Bernier's work at the Hospital requires him at times to have the

care of patients committed to him and, therefore, requires a high degree of trustworthiness. Because of this, any substantive challenge to his integrity should require suspension until a final disposition of the criminal charges pending against him.

"This decision is made without prejudice to any rights he may have to request reinstatement after final disposition of the charges pending."

Plaintiff's motion for rehearing was denied, and on September 30, 1975, the plaintiff appealed by petition to this court.

Initially we note that the plaintiff was not discharged, but was simply suspended without prejudice pending judicial determination of charges which seriously impugn his integrity and fitness for the position which he holds. The action was taken pursuant to rule VIII, section 1 of the personnel commission, which provides in relevant part: "An appointing authority may, at his discretion, suspend an employee without pay for disciplinary reasons or other cause." The issue which we are asked to decide is whether the circumstances of this case constitute sufficient cause to support the suspension decision.

We find that this case presents ample grounds to warrant suspension. Other jurisdictions have held that the fact of an indictment alone, without the additional evidence of prior misconduct presented herein, is sufficient to justify suspension when the public interest so requires. *DeMarco v. Board of Chosen Freeholders,* 21 N.J. 136, 121 A.2d 396 (1956); *McSorley v. Pa. Tpk. Comm'n,* 390 Pa. 81, 134 A.2d 201 (1957); *see* H. Kaplan, The Law of Civil Service 248 (1958). These decisions recognize that while an indictment is of course not proof of its allegations in the criminal trial itself, it does represent the determination of the grand jury that a prima facie basis exists to believe the charge if the evidence on hand is not explained or contradicted. *Barnard's Case,* 101 N.H. 33, 131 A.2d 630 (1957); *Trap Rock Industries, Inc. v. Kohl,* 59 N.J. 471, 487-88, 284 A.2d 161, 169-70 (1971).

In the case at bar, the plaintiff worked intimately with the State hospital patients, and was placed by virtue of their frequently vulnerable and dependent circumstances in a position of trust. These two indictments came on the heels of a prior suspension and disciplinary warning for abuse of that trust through the mishandling of his charges' funds. To retain the plaintiff pending

resolution of the charges against him would subject hospital patients, who are wards of the State, to an unwarranted risk. Under the circumstances, we find the personnel commission's decision with regard to the plaintiff to be reasonable and justified.

Finally, the plaintiff argues that we ought to remand this case, as was done in *Foote v. State Personnel Commission*, 116 N.H. 145, 355 A.2d 412 (1976), because the commission's decision does not contain sufficient findings of fact. *Foote*, however, dealt with a situation in which contradictory testimony was presented, and does not apply to a case in which the facts are not in dispute, such as the one at bar. *Id.*, at 148, 355 A.2d at 414.

*Petition denied.*

Bois, J., did not sit; the others concurred.